CITY OF MERIDIAN *v.* JOHN F. McBEATH.

MUNICIPALITIES. ' *Negligence. Obstruction in street. Driver. Contributory negligence. Momentary forgetfulness.*

> Where, in an action for damages resulting from a collision with an obstruction alleged to have been negligently placed in a street, the plaintiff shows momentary forgetfulness on his part·of the presence of the obstruction, and the occurrence of incidents calculated to distract his attention at the time, the liability of the municipality depends on the existence of negligence on its part in the location of the obstruction on the one hand and the contributory negligence of the plaintiff in colliding with it on the other, and these are matters of fact to be determined by the jury.

FROM the circuit court of Lauderdale county.

HON. GUION Q. HALL, Judge.

McBeath, the appellee, was plaintiff in the court below; the city of Meridian, appellant, was defendant there. From a judgment for $950 in plaintiff's favor the defendant appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Miller & Baskin,* for appellant.

The universal rule is that municipal corporations are not liable for every accident that happens in their streets, that they are not insurers of the safety of those who use them, that the corporation's duty is discharged when they have made them reasonably safe for people of ordinary prudence, and that those will be estopped from complaining who, well knowing the

means which have been provided by the corporation, suffer injury in consequence of their own neglect to avail themselves of that knowledge.     2 Dillon on Munic. Corp. (2d ed.), sec. 917; *Raymond* v. *Lowell,* 6 Cush., 524; *Vicksburg* v. *Hennesy,* 54 Miss., 396.

We also find in the case of *Graves* v. *Shattuck,* 69 Am. Dec., 544, this doctrine announced: "That cities and villages may reasonably accommodate and protect foot passengers by sidewalks, curbstones, posts, and railings, and so exclude carriers from a part of the way, leaving them a reasonably safe and convenient passage; that such curbstones, posts, and railings, properly construed, are in no sense nuisances, and that where sidewalks are thus reasonably and properly set apart the owners of the soil may lawfully use the dividing space between the carriage passage and the sidewalks for the growth of trees, for ornament, or use, and trees thus situated are in no sense nuisances."

And again, in the case of *Keiffer* v. *Hummelstown,* 17 L. R. A., 220, we have this language: "Now the question is not whether a broader road would have enabled the plaintiff to pass along safely with her frightened horse and disabled wagon, but whether the road was broad enough and good enough for the purpose of a highway in that place, or be safe for the purpose for which it was made, and did it accommodate the traveling public using it in the ordinary manner, with reasonable facilities for traveling.     That an accident did happen is clear, but that does not settle the question; it is necessary to inquire further, whether the accident was a natural or probable result of any act or omission of the town officers which rendered the highway unsafe for the purpose of travel conducted in the ordinary manner, and by the ordinary means of conveyance, as the evidence in the present case clearly shows that there was ample space left for the roadway, and that the accident was not the natural or probable result of any act or omission of the borough officers which rendered the highway unsafe for the purposes of ordinary travel.

"It follows that the third point of the defendant should have been affirmed, requiring a binding instruction to find for the defendant. Further, it is said that to entitle the plaintiff to recover it was therefore not enough to show that he sustained an injury upon the highway and that he was free from contributory negligence; he must also show that the ordinary needs of public travel conducted in the ordinary way upon this road had not been anticipated and provided for." The appellee in this case testified that there was ample room provided for vehicles, and we submit that if he, with the use of the knowledge that he possessed, had exercised reasonable care, the accident could never have occurred.

It is declared in the case of *Vicksburg* v. *Hennesy, supra,* that the universal rule in this class of cases is "that the injury must proceed wholly and solely from the defective highways, that the plaintiff must be entirely free from any negligence which contributed to the result, and that the burden of showing, affirmatively, that he exercised at least ordinary care and prudence is upon him; unless he establishes this he must fail, notwithstanding he has shown the greatest remissness on the part of the corporate authorities."

"If the plaintiff was guilty of any want of ordinary care and prudence, however slight, which neglect contributed directly to produce the injury, he cannot recover." *Cremer* v. *Portland,* 36 Wis., 92.

"Persons are not to be entirely debarred from the use of a street because it may be defective, or somewhat dangerous, but where danger exists and it is known, ordinary prudence would require of those using such streets greater diligence, care, and caution, corresponding with the danger, to avoid injury." *Emporia* v. *Schmidling,* 33 Kan., 485; *City of Indianapolis* v. *Cook,* 99 Ind., 910.

To sum up, our contention is that the city acted within its powers under the law in directing the post to be placed where it was, for the purpose of protecting the sidewalk and curb-

stone and foot passengers, especially as it left sufficient space within the streets for all vehicles, and that it provided three electric lights within a short distance from said corner, and the further fact that the plaintiff was perfectly familiar with the surroundings at the time·that he drove in a trot, either brisk or otherwise, along and over said post, especially in view of the fact that municipal corporations are not insurers of the safety of the lives or limbs of persons who use their streets and sidewalks. In view of this, and the admission· of the appellee as to his familiarity with this place, we think that it was a question for the court, and not a question of fact for the jury, and that, therefore, the court should have granted the peremptory instruction to find for the defendant.

*Ethridge & McBeath* and *Woods, Fewell & Fewell,* for appellee.

. The street—roadway—was intended to be and was of a certain width, and people passing along there had a right to assume that the full width of the street was open and unobstructed. Was it not more important to protect the .traveler than it was to protect the sidewalk? But why could not and why did not the city people place the post at the intersection of the two sidewalks? No difficulty whatever in doing that is shown. It would seem that good judgment and prudence would have dictated that the post, if one was necessary, should have been placed at the intersection of the curbing. along Eighth street, with the western line of the walk crossing that street, a point some ten or more feet southwest of the post; for this walk had to be crossed somewhere, and driving over it there would not have injured it any more than driving over it further north. The tile grain pipe was under ground along there, and that had to be crossed also. So it seems that the city's own testimony shows not only negligence, but gross negligence. ·   ·· .   ·

As to the · alleged · contributory negligence, we ·will remark, first, that the · facts and circumstances bearing on: the question

were such as clearly made it a question for the jury. True, the appellee had an opportunity to observe the post and its situation; but is a man obliged, in driving along the street, to constantly keep i nmind that there is a post here or a hole there? The appellee testified that he had never driven into Thirty-first avenue from that direction, and that he had never noticed the post. The pedestrian generally makes no mental note of posts at corners, posts that do not stand in his way. We venture the assertion that the members of the court could not enumerate the posts on their way to and fro between the capitol and their respective homes. Even those men who have the peculiar habit of touching every post they pass do not mentally "locate" the posts; they see them and they touch them and they pass on, no impression being made on their minds.

But there is a circumstance in this case which places it in the category of those cases where the surroundings, the things that distract the attention, are to be taken into consideration and can only be passed on by a jury. Here the street car was coming up rapidly behind McBeath; his mind was mainly on that fact; he wanted to get out of the narrow place that lay between his road and the car tracks; he felt some misgivings as to what would be the conduct of his horses if the lighted-up car should pass him and he was between the track and the curbing, and most naturally if he had known well the situation of the post, he would have lost sight of it for the moment. It was for the jury to say under these conditions whether he was guilty of negligence. *Railroad* v. *Mason,* 51 Miss., 234; *Nesbitt* v. *Greenville,* 69 Miss., 22; *Railway* v. *Summers,* 68, Miss., 566; *McMurty* v. *Railway,* 67 Miss., 601; *Railway Co.* v. *Lowe,* 73 Miss., 203.

TERRAL, J., delivered the opinion of the court.

A small post, two and one-half feet high, was set in Thirty-first avenue at its intersection with Eighth street. It is located some two feet within Thirty-first avenue. The avenue there

was thirty feet or more wide, so that at least twenty-eight feet of the avenue was left free and open for public travel. The plaintiff below, in a two-horse buggy, was traveling in a brisk trot along Eighth street, and, coming to Thirty-first avenue, and desiring to proceed down it to the south, turned his buggy to the right for that purpose, when the axle of his buggy struck the post and precipitated him violently to the ground, from which fall he received serious injury. The city set the post where it was to protect from injury some terra cotta piping there laid and the sidewalk by the passage of wheeled vehicles over them. The injury happened about 10 o'clock at night. There were electric lights at the next street crossings north, south, and east, but none at the crossing where the post was set. The night was somewhat dark, and the post was not seen by the plaintiff, though its being there should have been well known to him, as he lived nearby and was conversant with that particular corner. The city insists that it is proper for the post to be where it is for the protection of the sidewalk and tiling, and that, as ample room on Thirty-first avenue, east of the post, was left for all necessary and safe travel along said avenue, it has performed its duty in that regard, and is not liable for any mishap to plaintiff; and especially it is not liable because plaintiff must have often seen the post, by reason of which he was guilty of contributory negligence in not avoiding the striking of it, that bars him of any remedy. The plaintiff, however, insists that all parts of the street should be free of dangerous obstructions, and that his momentary forgetfulness of the existence of the post should not be imputed to him as a fault. Whether the coming of the street car along Eighth street to a point opposite the post at the time plaintiff's buggy struck it operated to prevent recollection of its being there, or whatever other cause produced temporary forgetfulness of the fact, should not, of itself, as we think, defeat a recovery. Such is the constitution of the mind, since the fall, at least, that its imperfections in this respect should not be imputed as a fault.

A small, low post, set like this one, under the circumstances in evidence, was manifestly a dangerous impediment to plaintiff, if forgetful of its being placed at that point, and, of course, it would be dangerous to others under similar circumstances. The question of the negligence of the city in placing this post where, under the circumstances in evidence, it could not be readily seen, and where, if not seen, it was likely to cause injury to one making the change of direction that plaintiff was making, and the question of negligence of the plaintiff under the circumstances of his hurt were severally questions for the determination of the jury; and their finding, made under instructions fairly submitting to them the respective contentions of the parties, we do not feel at liberty to reverse. The cases bearing on the decision here made may be found in the briefs of counsel.

*Affirmed.*