[No. 15497. Department Two.—December 20, 1894.]

SAMUEL DAVIS ET UX., APPELLANTS, v. CALIFORNIA STREET CABLE RAILROAD COMPANY, RESPONDENT.

NEGLIGENCE—QUESTIONS OF LAW AND FACT.—In an action for negligence, where the facts are doubtful as the result of uncertain evidence or conflicting testimony, the question of negligence or conflicting evidence should be submitted to the jury; but where the facts are not doubtful, nor the evidence conflicting, the question is one of law for the court.

ID. — CONTRIBUTORY NEGLIGENCE — FALL OVER RAIL LEFT UPON THE SIDEWALK—KNOWLEDGE—FORGETFULNESS OF DANGER.—In an action to recover damages for personal injuries arising from falling over a rail left by a street railroad company upon the sidewalk, which the railroad company was expecting to use in the construction of switches, where it appears that the plaintiff not only knew the rail was there, but had seen others fall over it, and the fall of the plaintiff was caused by going upon the street for mere curiosity, in forgetfulness of the presence of the rail, the plaintiff is chargeable with contributory negligence, as matter of law, barring her recovery for the injury.

ID. —VIOLATION OF ORDINANCE — LIGHTED LANTERN — GASLIGHT. — The fact that an ordinance of the city required the defendant to keep a lighted lantern at the rail, and that such ordinance was not observed, did not absolve the plaintiff from the obligation to use reasonable care if the plaintiff knew of the existence of the rail, and if the purpose of the requirement of a lighted lantern to enable persons using the sidewalk to see the rail was served by the gaslight.

ID.—DIRECTING VERDICT FOR DEFENDANT.—The court may withdraw a case of negligence from the jury and direct a verdict for the defendant, where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of sound judicial discretion, will be compelled to set aside a verdict returned in opposition to it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*J. C. Bates,* for Appellants.

Contributory negligence is a question for the jury in all cases such as the one at bar. (*Railroad Co.* v. *Stout,* 17 Wall. 664; *York* v. *Maine Cent. R. R. Co.,* 84 Me. 123.) Previous knowledge, or even familiarity, of a dangerous place or obstruction in a highway is not *per se* conclusive evidence of negligence, but the question should be

submitted to the jury. (*Ingerman* v. *Moore*, 90 Cal. 424; 25 Am. St. Rep. 138; *Barry* v. *Terkildsen*, 72 Cal. 256; 1 Am. St. Rep. 55; *Jamison* v. *San Jose etc. R. R. Co.*, 55 Cal. 596; *Fernandes* v. *Sacramento City R. R. Co.*, 52 Cal. 45; *Franklin* v. *Motor R. R. Co.*, 85 Cal. 70; *Schierhold* v. *North Beach etc. R. R. Co.*, 40 Cal. 454; *Reed* v. *Northfield*, 13 Pick. 94; 23 Am. Dec. 662; *Smith* v. *City of Lowell*, 6 Allen, 40; *Snow* v. *Housatonic R. R. Co.*, 8 Allen, 443, 444; 85 Am. Dec. 720; *Meesel* v. *Lynn etc. R. R. Co.*, 8 Allen, 235; *Fox* v. *Sackett*, 10 Allen, 536; 87 Am. Dec. 682; *Whittaker* v. *West Boylston*, 97 Mass. 274; *Coombs* v. *New Bedford C. Co.*, 102 Mass. 585; 3 Am. Rep. 506; cited in *Ingerman* v. *Moore*, 90 Cal. 425; 25 Am. St. Rep. 138; *Dewire* v. *Bailey*, 131 Mass. 171; 41 Am. Rep. 219; *Marble* v. *Ross*, 124 Mass. 49; *Lyman* v. *Hampshire*, 140 Mass. 311; *Pomeroy* v. *Westfield*, 154 Mass. 464; *Hackford* v. *New York Cent. etc. R. R. Co.*, 43 How. Pr. 222–45; affirmed in 53 N. Y. 654; *Bullock* v. *Mayor etc.*, 99 N. Y. 654; *Kelly* v. *New York Cent. etc. R. R. Co.*, 9 N. Y. Supp. 90; *Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 469; *Niven* v. *City of Rochester*, 76 N. Y. 619; *Weed* v. *Ballston*, 76 N. Y. 333; *Kellogg* v. *New York Cent. etc. R. R. Co.*, 79 N. Y. 72; *Clifford* v. *Dam*, 81 N. Y. 54; *Tousey* v. *Roberts*, 114 N. Y. 316; 11 Am. St. Rep. 655; *Dollard* v. *Roberts*, 130 N. Y. 274; *City of Atlanta* v. *Martin*, 88 Ga. 25; *Poole* v. *Georgia R. R. & B. Co.*, 89 Ga. 320; *Lake Shore etc. Ry. Co.* v. *Johnsen*, 135 Ill. 647; also *Toledo etc. R. R. Co.* v. *Cline*, 135 Ill. 41; *Lake Shore etc. Ry. Co.* v. *Bodemer*, 139 Ill. 606; 32 Am. St. Rep. 218; *St. Louis Bridge Co.* v. *Miller*, 138 Ill. 475; *Town of Poseville* v. *Lewis*, 126 Ind. 80, and cases cited; *Louisville etc. R. R. Co.* v. *Creek*, 130 Ind. 143; *Lowell* v. *Watertown*, 58 Mich. 568; *Dundas* v. *City of Lansing*, 75 Mich. 509; 13 Am. St. Rep. 457; *Cassida* v. *Oregon Ry. & Nav. Co.*, 14 Or. 559; *Emporia* v. *Schmidling*, 33 Kan. 487; *Osage City* v. *Brown*, 27 Kan. 74; *Eskridge* v. *Cincinnati etc. Ry. Co.*, 89 Ky. 367.) One is not presumed to endanger life or limb. (*Orange etc. R. R. Co.* v. *Ward*, 47 N. J. L. 560; *McKeigue* v. *Janes-*

*ville*, 68 Wis. 50; *Leavitt* v. *Chicago etc. Ry. Co.*, 64 Wis. 228; *Norfolk R. R. Co.* v. *Ormsby*, 27 Gratt. 455; *Westchester etc. R. R. Co.* v. *McElwee*, 67 Pa. St. 311; *Hays* v. *Gainesville etc. Ry. Co.*, 70 Tex. 605; 8 Am. St. Rep. 624; *R. R. Co.* v. *Stout*, 17 Wall. 663, 664; *Grand Trunk Ry. Co.* v. *Ives*, 144 U. S. 408; *Hough* v. *Railway Co.*, 100 U. S. 225; *Kane* v. *Northern Cent. Ry. Co.*, 128 U. S. 94; *Delaware etc. R. R. Co.* v. *Converse*, 139 U. S. 472; *Fulliam* v. *Muscatine*, 70 Iowa, 436; 73 Iowa, 241; *Davis* v. *Louisville etc. Ry. Co.*, 69 Miss. 137; *Drain* v. *St. Louis etc. Ry. Co.*, 86 Mo. 574; *Kelly* v. *Union Ry. & T. Co.*, 95 Mo. 279–285; *Hanlon* v. *Missouri Pac. Ry. Co.*, 104 Mo. 389; *Wilkins* v. *St. Louis etc. Ry. Co.*, 101 Mo. 93.) Negligence is a question of law only when no other inference can be reasonably drawn from the facts in evidence, where it appears that the plaintiff was suddenly confronted with danger, his conduct should be judged in the light of the circumstances constituting the emergency, and the question of negligence submitted to the jury. (Buswell on Personal Injuries, secs. 138, 142, pp. 208, 214, 254; *Mahood* v. *Pleasant Valley Coal Co.*, 8 Utah, 85; *Cassida* v. *Oregon Ry. & Nav. Co.*, 14 Or. 559; *St. Louis B. Co.* v. *Miller*, 138 Ill. 473; *Marble* v. *Ross*, 124 Mass. 48.) Even alighting from a street-car or getting on while in motion is not negligence *per se.* (*Lacas* v. *Detroit City Ry. Co.*, 92 Mich. 416; *Ober* v. *Crescent City R. R. Co.*, 44 La Ann. 1064; 32 Am. St. Rep. 366; *Eppendorf* v. *Brooklyn*, 69 N. Y. 195; 25 Am. Rep. 171.) The act of the defendant in leaving the rail upon the sidewalk without placing a light thereby as required by ordinance was gross and willful negligence. (*Robinson* v. *Pioche*, 5 Cal. 460; *Geer* v. *Darrow*, 61 Conn. 224; *Driscoll* v. *Market Street etc. Ry. Co.*, 97 Cal. 565; 33 Am. St. Rep. 203.) Contributory negligence is no defense to willful negligence. (*Eskridge's Exr.* v. *Cincinnati etc. Ry. Co.*, 89 Ky. 367; *Lake Shore etc. Ry. Co.* v. *Bodemer*, 139 Ill. 606; 32 Am. St. Rep. 218.) Plaintiff had a right to rely upon the performance of defendant of every act imposed by law upon it. (*Strong* v. *Sacramento etc. R. R.*

*Co.*, 61 Cal. 328; see *Richmond* v. *Chicago etc. Ry. Co.*, 87 Mich. 380; *Tobin* v. *Omnibus Cable Co.* (Cal., Aug. 31, 1893); *Smith* v. *Occidental etc. R. R. Co.*, 99 Cal. 462.) The court should, as a matter of law, in such a plain and conclusive case as the one at bar, instruct the jury to find a verdict for plaintiff and award exemplary damages. (*Delaware etc. R. R. Co.* v. *Converse,* 139 U. S. 472, and cases cited.)    There are cases that hold defendant would be liable, even if plaintiff was guilty of negligence, or irrespective of negligence of the injured party. (*Clifford* v. *Dam,* 81 N. Y. 56; *Lake Shore etc. Ry. Co.* v. *Bodemer,* 139 Ill. 606; 32 Am. St. Rep. 218.)

*Garber, Boalt & Bishop,* for Respondent.

The court properly instructed the jury to return a verdict for the defendant, and this it had the power to do, as it is well settled that the court may withdraw the case from the jury altogether, and direct the verdict to be given where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it. (*Delaware etc. R. R. Co.* v. *Converse,* 139 U. S. 472, and cases cited.) " In cases where the facts are undisputed the question of negligence is a question of law to be passed upon by the court." (*Fagundes* v. *Central Pac. R. R.,* 79 Cal. 100; *Stephenson* v. *Southern Pac. Co.,* 102 Cal. 143; *Glascock* v. *Central Pac. R. R.,* 73 Cal. 137; *Overacre* v. *Blake,* 82 Cal. 77; *Orcutt* v. *Pacific Coast Ry. Co.,* 85 Cal. 298; *Nagle* v. *California S. R. R.,* 88 Cal. 86; *Barnes* v. *Sowden,* 119 Pa. St. 53.) Defendant was guilty of no negligence. (*Kelly* v. *Doody,* 116 N.Y. 581; *Raymond* v. *City of Lowell,* 6 Cush. 533; 53 Am. Dec. 57; *City of Indianapolis* v. *Cook,* 99 Ind. 15.)    Plaintiffs were guilty of contributory negligence. (*Fernandes* v. *Sacramento City Ry. Co.,* 52 Cal. 50; *McFadden* v. *Santa Anna Ry. Co.,* 87 Cal. 464; *Indianapolis* v. *Cook,* 99 Ind. 10; *Gilman* v. *Inhabitants of Deerfield,* 15 Gray, 580; *Walker* v. *Town of Reidsville,* 96 N. C. 382; *Raymond* v. *City of Lowell,* 6 Cush. 535; 53

Am. Dec. 57; *Gribble* v. *Sioux City*, 38 Iowa, 391; *Glascock* v. *Central Pac. R. R. Co.*, 73 Cal. 140; *Dubois* v. *Kingston*, 102 N. Y. 221; 55 Am. Rep. 804; *Bruker* v. *Covington*, 69 Ind. 33; 35 Am. Rep. 202; *King* v. *Thompson*, 87 Pa. St. 365; 30 Am. Rep. 364; *Kelly* v. *Doody*, 116 N. Y. 581; *Parkhill* v. *Brighton*, 61 Iowa, 103; *Bond* v. *Smith*, 113 N. Y. 379; Beach on Contributory Negligence, sec. 77, and numerous cases cited; Dillon on Municipal Corporations, 3d ed., sec. 1006.)

The COURT.—Plaintiffs, Samuel Davis and Sarah Davis, his wife, brought this action to recover damages for personal injuries to said Sarah Davis, alleged to have been caused by the negligence of defendant. At the conclusion of the evidence the court, at defendant's request, instructed the jury to return a verdict for the defendant, which was done, and judgment having been entered thereon, the plaintiffs appealed therefrom within sixty days upon the judgment-roll and a bill of exceptions.

The only point made upon this appeal is that the court erred in directing a verdict for defendant.

The material facts are that in 1891 the defendant was constructing a street railroad on Hyde street, and deposited a large quantity of rails and yokes upon the sidewalk in front of plaintiff's residence, all of which, except one rail, were removed and used in the construction of the road about four weeks before the accident occurred resulting in the injury complained of.

The rail that was left upon the sidewalk was twenty-eight feet long and three inches high, and one end of it was under a street gaslight. This rail had remained there for about four weeks, and Mrs. Davis not only knew it was there, but had seen children and one Chinaman fall over it. The night the injury was received, at about half-past eight, there was an alarm of fire, and some one on the street cried "Fire! Fire"! The night was dark, and it was raining. Mrs. Davis went out to see where the fire was, and Mrs. Smith, who

occupied the upper floor of Mrs. Davis' house, came down for the same purpose. Mrs. Davis told Mrs. Smith to go back as it was raining, and then started to go out into the street to find out where the fire was, and fell upon the rail and dislocated her shoulder. She testified that she did not know whether or not she ran against the rail; that she knew it was there, but on this night forgot that it was there.

The street railroad was not then completed, and the defendant was then engaged in putting in switches in the same block, and this rail was left upon the sidewalk, the defendant expecting to use it in the construction of the switches.

There was no conflict in the evidence, and the court did not err in directing a verdict for the defendant.

The rule in such cases is well stated by the supreme court of the United States in *Delaware etc. R. R. Co.* v. *Converse,* 139 U. S. 472, as follows: "Undoubtedly, questions of negligence in actions like the present one are ordinarily for the jury, under proper directions as to the principles of law by which they should be controlled; but it is well settled that the court may withdraw the case from them altogether and direct a verdict for the plaintiff or the defendant, as the one or the other may be proper, where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it."

In *Stephenson* v. *Southern Pac. Co.,* 102 Cal. 143, it was said: "Where the facts are admitted or proven without contradiction the court will determine whether or not they establish negligence or show contributory negligence; but where the conclusion is open to debate it is one for the jury, under proper instructions from the court."

We quite agree with counsel for appellant that previous knowledge or familiarity with a dangerous place or obstruction in a highway is not, *per se* conclusive

evidence of contributory negligence in failing to avoid it. In this case, if the plaintiffs' house had been falling, rendering great haste in escaping from imminent danger necessary, the haste, excitement, and fear might reasonably be held sufficient to obliterate all memory or thought of the presence of the obstruction upon the sidewalk. But that is not this case. Here was an alarm of fire, a common occurrence in the city, and wholly insufficient, where its locality is not known to be in the immediate vicinity, to disturb the memory or prevent that reasonable care commonly exercised by persons of mature years. When Mrs. Davis reached the sidewalk she discovered it was raining. She saw no fire; she was sufficiently calm to advise Mrs. Smith to return to the house. Mrs. Smith, after stating that she heard the alarm of fire and thought it was close by, testified as follows: " I went down to see Mrs. Davis, and when I got down she was out, and told me to go back because it was raining. She just wanted to go down the street and see where the fire was. Just as I turned round she fell; it seemed to me she was out from the steps, and she fell before I could turn around, hardly."

No danger could have been apprehended by Mrs. Davis from the fire after she reached the sidewalk, but mere curiosity induced her to start to go down the street to see where the fire was. That she forgot the presence of the rail is not disputed in the evidence, but that the circumstances justified her forgetfulness and consequent want of care cannot be conceded.

Appellants cite some fifty cases upon this branch of the case. We cannot review them within the limits of an opinion, nor is it at all necessary. Each rests upon its own peculiar circumstances. If the facts are doubtful, as the result of uncertain evidence or conflicting testimony, the question should be submitted to a jury; but here the facts are not doubtful nor the evidence conflicting, and the question is one of law for the court.

One point urged by appellants remains to be noticed. It is contended that order No. 1588 of the city and

county of San Francisco required defendant to have guarded this iron rail by a lighted lantern every night.

Even if it be conceded that the ordinance required the defendant to keep a lighted lantern at the rail, the only object of the requirement was to enable persons using the walk to see the rail, and if this purpose was served by the gaslight, it was sufficient. It is not contended that the rail could not be seen, nor that lanterns had been kept there until the night of the accident and then were omitted, leading plaintiff to believe the rail had been removed. She knew the rail was there, and was therefore bound to use reasonable care, and could not be absolved from such care by the negligence of defendant in not keeping a lighted lantern at the place, even if it was his duty to do so.

The judgment is affirmed.

Hearing in Bank denied.