[S. F. No. 4348.   Department Two.—March 19, 1908.]

## RICHARD BRETT, Appellant, v. S. H. FRANK & COMPANY et al., Respondents.

ACTION BY SERVANT FOR NEGLIGENCE OF MASTER—ERROR IN DENYING NONSUIT—ORDER GRANTING NEW TRIAL—REVIEW UPON APPEAL.—In an action by a servant for injuries received through the alleged negligence of his employer in not providing him a safe place for work, in which after verdict for plaintiff, the court granted a new trial on the sole ground that it erred in denying defendant's motion for nonsuit on the plaintiff's evidence, though this court is not limited in its review of the order to the ground thus assigned, it is sufficient that the order may be sustained on such ground.

ID.—EMPLOYER NOT REQUIRED TO INSURE AGAINST ACCIDENTS—ASSUMPTION OF RISK BY SERVANT.—An employer in performing his duty to provide a reasonably safe place in which the servant is to do the work assigned to him, is not required to insure a servant against accidents, or to take extraordinary cautions to prevent it; and the servant assumes the risk of all known dangers in the course of his employment, which he can avoid with ordinary care.

ID.—SHAFT-HOLE IN FLOOR OF TANNERY—KNOWLEDGE OF ADULT SERVANT—FORGETFULNESS OF PERIL — CONTRIBUTORY NEGLIGENCE.— Where the employer maintained an open shaft-hole in the floor of his tannery, which operated the elevator, the existence of which was fully known to an adult servant whose ordinary duties in wheeling sides of sole leather upon a track to the elevator enabled him to clear the hole, but in temporary forgetfulness of his peril, while plaintiff with an assistant was backing the truck to the elevator, he stepped into the shaft hole, such forgetfulness, being due to his want of ordinary care, did not raise a question of fact for the jury, but was contributory negligence, barring recovery, for which a nonsuit should have been granted.

ID.—FORGETFULNESS OF PERIL—WHEN NOT BARRING RECOVERY—EXCEPTIONAL CASES.—Preoccupation or forgetfulness of peril on the part of an employee, which does not bar recovery as matter of law, but raises a question for the jury, only applies in exceptional cases, having to do with abnormal risks and with the performance of duties under the high tension of emergency, and where the doing of one necessary thing under the stress of immediate action, does not charge him with contributory negligence because he has omitted or forgotten another.

ID.—GENERAL RULE UNAFFECTED BY EXCEPTIONS.—Such exceptional cases are in no way subversive of the long-established rule that "the law demands that one who is working in a place where he is exposed to danger shall himself exercise his faculties for his own protection, and does not permit a recovery for damages resulting from a neglect of this rule."

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Stafford & Stafford, for Appellant.

Nonsuit should not be granted unless the conclusion of the plaintiff's negligence is irresistible. It should be the exception, and not the rule. (*Herbert* v. *Southern Pacific Co.,* 121 Cal. 227, 228, 53 Pac. 651; *Schierhold* v. *North Beach R. R. Co.,* 40 Cal. 447; *Van Praag* v. *Gale,* 107 Cal. 438, 443, 40 Pac. 555; *McKune* v. *Santa Clara M. & Co.,* 110 Cal. 480, 484, 42 Pac. 980; *Smith* v. *Occidental S. Co.,* 99 Cal. 467, 34 Pac. 84; *Ingerman* v. *Moore,* 90 Cal. 424, 25 Am. St. Rep. 138, 27 Pac. 306; *Orcutt* v. *Pacific Coast R. Co.,* 85 Cal. 291, 24 Pac. 661; *Whalen* v. *Arcata R. R.,* 92 Cal. 669, 28 Pac. 833; *Davies* v. *Oceanic S. S. Co.,* 89 Cal. 280, 26 Pac. 827; *Redington* v. *Pacific P. T. Co.,* 107 Cal. 317, 48 Am. St. Rep. 132, 40 Pac. 432; *Martin* v. *Cal. C. R.,* 94 Cal. 326, 29 Pac. 645; *Magee* v. *North Pac. R. R. Co.,* 78 Cal. 435, 12 Am. St. Rep. 69, 21 Pac. 114.) Temporary forgetfulness of danger raises a question of fact for the jury, and does not preclude a recovery. (Labat on Master and Servant, sec. 350; *Johnson* v. *Bruner,* 61 Pa. St. 58, 61, 62, 100 Am. Dec. 613; *Van Praag* v. *Gale,* 107 Cal. 538, 40 Pac. 555; *Giraudi* v. *Electric Imp. Co.,* 107 Cal. 120, 126, 48 Am. St. Rep. 114, 40 Pac. 108; *Snow* v. *Housatonic*

*R. R.*, 8 Allen, 441, 85 Am. Dec. 720; *Plank* v. *New York etc.*
*R. R. Co.*, 60 N. Y. 607; *Austin* v. *Fitchburg* R. Co., 172 Mass.
484, 52 N. E. 527; *Kane* v. *N. C. R. R. Co.*, 128 U. S. 95, 9
Sup. Ct. 16; *Boyle* v. *Construction Co.*, 47 App. Div. 311,
61 N. Y. Supp. 1043; *Basset* v. *Fish*, 75 N. Y. 303; *Frye* v.
*Bath Gas Co.*, 94 Me. 17, 46 Atl. 804; *Viohl* v. *North Pac.*
*Lumber Co.*, 46 Or. 297, 80 Pac. 112, and cases cited; *Wallace*
v. *Cent. V. R.*, 138 N. Y. 302, 33 N. E. 1069.)

Chickering & Gregory, for Respondents.

The employer is not bound to insure his servants against
accidents, and his duty is fulfilled when he exercises ordinary
care to that end. (*Thompson* v. *California Construction Co.*,
148 Cal. 35, 82 Pac. 367; *Corletti* v. *Southern Pac. Co.*, 136
Cal. 645, 69 Pac. 422.) If the servant, with ordinary pru-
dence, accepts the employment with the appliances furnished,
it cannot be said that the master has neglected his duty.
(*Rush* v. *Mo. Pac. R. R.*, 36 Kan. 129, 12 Pac. 582; *Kupp*
v. *Rummell*, 199 Pa. 90, 48 Atl. 679; *Baker* v. *Empire Wire*
*Co.*, 102 App. Div. 125, 92 N. Y. Supp. 355.) The plain-
tiff was guilty of contributory negligence, notwithstanding his
inattention, due to a want of ordinary care to avoid a known
danger. (*Kenna* v. *Cent. Pacific R. R.*, 101 Cal. 26, 35 Pac.
332; *Davis* v. *Cal. St. Cable Ry.*, 105 Cal. 131, 38 Pac. 647;
*Martin* v. *Cal. Cent. Ry.*, 94 Cal. 326, 29 Pac. 645; *Dutch-*
*owski* v. *Handy Things Co.*, 141 Mich. 11, 104 N. W. 358, 360;
*Reeve* v. *Colusa Gas & Electric Co.*, 151 Cal. 29, 91 Pac. 802.)
The plaintiff assumed the risk of all known dangers attend-
ing his employment of which he made no complaint. (*Limberg*
v. *Glenwood Lumber Co.*, 127 Cal. 598, 602, 60 Pac. 176;
*Beeson* v. *Green Mt. Gold Mining Co.*, 57 Cal. 20; *Kauffman*
v. *Maier*, 94 Cal. 269, 29 Pac. 481; *Smith* v. *Occidental Steam-*
*ship Co.*, 99 Cal. 462, 34 Pac. 84; Labat on Master and Ser-
vant, sec. 350; *McGlynn* v. *Brodie*, 31 Cal. 377, 380; *Cin-*
*cinnati etc. R. R. Co.* v. *Robertson*, 139 Fed. 519, 522, 75 C.
C. A. 335; *Denver Tramway Co.* v. *Nesbitt*, 22 Colo. 409, 45
Pac. 406; *Wanamaker* v. *Burke*, 111 Pa. St. 423, 2 Atl. 500;
*Wood* v. *Heiges*, 83 Md. 257, 34 Atl. 872, 873; *Anthony* v.
*Leeret*, 105 N. Y. 591, 12 N. E. 561; *Gibson* v. *Erie R. R. Co.*,
63 N. Y. 449, 20 Am. Rep. 552; *De Forest* v. *Jewett*, 88 N. Y.

264; *Sweeney* v. *Berlin and J. Envelope Co.,* 101 N. Y. 520, 54 Am. St. Rep. 722, 5 N. E. 358; *Whatley* v. *Block,* 95 Ga. 15, 21 S. E. 985; *Balle* v. *Detroit Leather Co.,* 73 ·Mich. 158, 41 N. W. 216, 218; *Nealand* v. *Lynn & Boston R. R. Co.,* 173 Mass. 42, 53 N. E. 137; *Feely* v. *Pearson Cordage Co.,* 161 Mass. 426, 37 N. E. 368; *Kennedy* v. *Manhattan R. R.,* 145 N. Y. 288, 39 N. E. 956; *Ragon* v. *Toledo etc. R. R.,* 97 Mich. 265, 37 Am. St. Rep. 336, 56 N. W. 612, 614, 615; *Crown* ·v. *Orr,* 140 N. Y. 450, 35 N. E. 648.)

McFARLAND, J.—This is an action for damages. After trial and verdict for plaintiff the court granted defendants' motion for a new trial and plaintiff appeals.

The court ordered a new trial "on the ground that the motion for nonsuit should have been granted, and order denied on all other grounds." It is contended by appellant that this limits the consideration of this court to the one proposition. The question is not of consequence in this case for, upon the ground indicated, the court was correct in its ruling. However, the position of appellant in this matter ·is contrary to the well-settled rule. (*Kauffman* v. *Maier,* 94 Cal. 269, [29 Pac. 481]; *Thompson* v. *California Construction Co.,* 148 Cal. 35, [82 Pac. 367]; *Weisser* v. *Southern Pacific Co.,* 148 Cal. 426, [83 Pac. 439].)

The action ·was for personal injuries alleged to have been occasioned to plaintiff, an employee of defendant, through the negligence of the latter. The negligence charged consisted in maintaining, in an unguarded condition, upon the second floor of its tannery building, a hole in the floor through which passed a leather belt. The accident to· plaintiff occurred by his stepping with his right leg into the unguarded hole, whereby his leg was mangled by the moving belt. The undisputed facts disclosed by the evidence at the time when plaintiff rested his case and a motion for a nonsuit was interposed are the following: Plaintiff was an adult laborer in the employ of the defendant. For seven weeks prior to the accident he was engaged in hauling sides of sole leather upon a truck from the rolling room to the drying room. The truck was loaded upon one floor, wheeled into the elevator, thus carried to the second floor—the drying room—where the truck was

wheeled out of the elevator to some convenient place in
the room for the purpose of drying the hides. About nine
inches to the right of the entrance to the elevator and
slightly in front of that entrance was the hole, 26 by 14
inches, through which the belt from the ceiling of the sec-
ond floor ran to the first floor. This belt operated the
elevator. Plaintiff was perfectly familiar with the con-
dition, knew of the existence of the hole, which was un-
guarded, and at the time of the accident the room was so
light that every object therein could be distinguished clearly
and without difficulty. Plaintiff could have seen the hole
had he looked for it. On the afternoon of the accident
plaintiff with an assistant, Price, was pushing a truck
loaded with leather off the elevator at the second floor.
Plaintiff was guiding the truck and accidentally twisted
the tongue, as he says, by reason of the fact that Price
leaned against it. Because of this the direction of the truck
was swerved and its rear wheels struck an elevation or
"rise" in the floor. To guide the truck along its proper
course it became necessary to back it off this elevation, and
in doing so plaintiff stepped into the open hole. Plaintiff
was perfectly familiar with the conditions at the time of
the accident and they had not been changed. He had
passed the spot of the accident at least four or five times a
day for seven weeks. He knew of the hole and that it was
unguarded and had made no complaint of its condition.
The truck which he was handling at the time of the accident
was a light one, was easily turned, and there was a light
load upon it. The hole did not interfere with his route of
travel to and from the elevator but was to one side of it.
He backed into it. In pulling the truck off from the "rise"
he stepped back three or four steps before putting his leg
into the hole. He could have stepped back into the elevator,
but did not want to do so lest somebody should lower it while
he was there.

To summarize, an adult employee, perfectly familiar with
his work and with the conditions and environment in which
he is performing it, through the act of a fellow employee,
pushes the light truck which they are wheeling against an
obstruction so that it is necessary to back it off. In doing
this the employee takes three or four steps backward, and

without looking for or thinking of a hole, with the existence, place, and purpose of which he is perfectly familiar, steps into it and is injured.

The law, in justly requiring that an employer shall furnish reasonably safe appliances and a reasonably safe place for the performance of his work, does not make him an insurer of his employees against all accidents. It does not require the employer to provide safeguards against every possible chance of accident. Nor, having furnished a reasonably safe place, does it hold him responsible if an accident has happened which could have been avoided had the employer used extraordinary precautions to prevent it. The requirement that the place of employment shall be reasonably safe is itself always to be considered in connection with the rule of law as to the assumption by the employee of known and understood risks. But, aside from the consideration as to whether under these circumstances negligence in failing to provide a safe place for work may be imputed to the employer in this case, it is indisputable that the accident was occasioned through the negligent failure of the plaintiff himself to use ordinary prudence for his own protection. Plaintiff, perfectly familiar with the condition of the premises, inadvertently walking backward, steps into a hole which he knew was there, and which, had he looked, he could readily have seen. This inadvertence and forgetfulness is sought to be excused by appellant upon the proposition that plaintiff was so engrossed in the performance of his duties at the time of the accident that his forgetfulness was not negligence, or at least that it was for the jury to say whether it was or not. It is recognized that there are cases where preoccupation or forgetfulness on the part of the employee does not bar a recovery. These cases, from the nature of things, are exceptional. They have to do with abnormal risks and with the performance of duties under the high tension of emergency, and where in the doing of one necessary thing under the stress of immediate action an employee shall not be held guilty of contributory negligence because he has omitted or forgotten another. Thus it is said in Labat on Master and Servant: "This doctrine may be referred to the general principle that the failure of an employee to perform a duty will not constitute

contributory negligence where such failure results from the necessary observance of a duty of equal importance and equally binding upon him, the neglected duty in this instance being that of keeping a vigilant lookout." But these exceptional cases are in no way subversive of the long-established rule that "the law demands that one who is working in a place where he is exposed to danger shall himself exercise his faculties for his own protection, and does not permit a recovery for damages resulting from a neglect of this rule." (*Kenna* v. *Central Pacific R. R.,* 101 Cal. 26, [35 Pac. 332].) In *Davis* v. *California Street Cable Co.,* 105 Cal. 131, [38 Pac. 647], defendant had placed an iron rail to be used in the construction of its street-railway track in front of the house in which plaintiff lived. It had remained there about four weeks. An alarm of fire having been sounded in the night-time, plaintiff came out of her house and started across the sidewalk to discover the whereabouts of the fire. She forgot the presence of the rail, tripped, fell, and was injured. This court said: "We quite agree with counsel for appellant that previous knowledge or familiarity with the dangerous place or obstruction on the highway was not *per se* conclusive evidence of contributory negligence in failing to avoid it. In this case if plaintiff's house had been falling, rendering great haste in escaping from imminent danger necessary, the haste, excitement, and fear might reasonably be held sufficient to obliterate all memory or thought of the presence of the obstruction on the sidewalk. But that is not this case. No danger could have been apprehended by Mrs. Davis from the fire after she reached the sidewalk, but mere curiosity induced her to start to go down the street to see where the fire was. That she forgot the presence of the rail is not disputed in the evidence, but that the circumstances justified her forgetfulness and consequent want of care, cannot be conceded." In *Van Praag* v. *Gale,* 107 Cal. 438, [40 Pac. 555], plaintiff had recovered judgment for injuries occasioned by falling through an open and unguarded trap-door in the sidewalk. This trap-door was sometimes open and sometimes closed and plaintiff was familiar with these facts. It was held merely that his knowledge that it was sometimes open did not bar his right of recovery because he inadvertently stepped into it, and *Davis* v. *California Street Cable Co.* is

CLIII Cal.—18

distinguished, this court saying: "There was a known and fixed object, namely, an iron or steel rail adjacent to a street lamp, over which plaintiff fell. In the present case the object of danger was only occasionally presented, and was not usually existent as a menace, and it was proper in such case to submit the question of plaintiff's negligence to a jury." So, also, in *Martin* v. *California Central Ry. Co.*, 94 Cal. 326, [29 Pac. 645], it is said, discussing an instruction given to the jury: "In effect the instruction told the jury that notwithstanding the deceased was engaged in a dangerous business requiring constant and watchful care upon his part to save himself from injury, still, if he did not always bear these things in mind, and act upon them, and by reason thereof was injured, he could recover. An injury received under such circumstances would be the direct result of contributory negligence upon the part of the party injured, and would defeat a recovery." *Giraudi* v. *Electric Improvement Co.*, 107 Cal. 120, [48 Am. St. Rep. 114, 40 Pac. 108], is not in conflict with these views. It is there declared that the general rule is that if one is aware of a fact which should have put him on his guard, he cannot rebut the presumption of contributory negligence by showing that he momentarily forgot. The court then proceeds to note the exceptions to the application of this general rule, the exceptions being those cases where temporary forgetfulness is not negligence as a matter of law unless it shows a want of ordinary care, and the question then becomes a question for the jury. In the case at bar there was no sudden emergency, no stress of peril, no haste in the performance of the work. The case does not belong to the exceptional class which we have been considering. It is the ordinary one of an employee heedlessly failing to take ordinary care and use ordinary precautions for his own safety. These facts were, as has been said, clearly established by the testimony introduced on behalf of plaintiff himself. It follows therefore that the court erred in denying the motion for a nonsuit and its order granting a new trial is therefore affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.