[L. A. No. 2751.    Department Two.—March 16, 1912.]

## EURETTA REYNOLDS, Respondent v. LOS ANGELES GAS AND ELECTRIC COMPANY (a Corporation), Appellant.

NEGLIGENCE — FALLING INTO DITCH — MOMENTARY FORGETFULNESS OF DANGER.— CONTRIBUTORY NEGLIGENCE. — The momentary forgetfulness of an uncovered ditch in the plaintiff's dwelling-house lot, which forgetfulness is not induced by some sudden and adequate disturbing cause, is itself, as matter of law, contributory negligence barring a recovery for personal injuries resulting from falling into such ditch. This rule obtains although the person so injured was aged.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Wm. A. Cheney, and Le Roy M. Edwards, for Appellant.

Morton, Riddle & Hollzer, for Respondent.

HENSHAW, J.—This is an action for personal injuries. From the judgment following the verdict of the jury in favor of the plaintiff and from the order denying its motion for a new trial, defendant appeals.

Plaintiff was living as tenant in a small house situated about ten feet from the sidewalk in the middle of a 60-foot lot. Across this lot and under the plaintiff's house running parallel to the street was a zanja owned by the city of Los An-

geles. This zanja was leased to the defendant under a contract compelling defendant to keep it in repair. The old zanja-pipe required renewal and defendant undertook to replace it with a new concrete pipe. Defendant entered upon the premises with the express license of the owner thereof and proceeded to dig a trench to uncover the old pipe from the southerly line of the lot to the house. This trench was so dug in the daytime, plaintiff having knowledge of the digging and watching the men at work. The trench was about three feet wide and from one to three feet deep. The dirt removed in digging was thrown up along the street side. There was access to the rear of the house upon both sides of it, but the path habitually used extended along the south side where the trench had been dug. Such were the physical conditions.

Plaintiff was an elderly woman about seventy-five years of age, but physically vigorous. She raised and tended a flock of fifty or sixty chickens, took care of a cow, sold and herself distributed the milk; she cooked her own meals, did her own housework, and was a rapid and sure footed walker. She had never been sick a day in her life, or if so it was so long ago that she had forgotten it. Such is her own testimony.

About 8 o'clock of the evening of the accident, it being then very dark, plaintiff left her residence by the back door to deliver milk to her neighbors. She first started to go around by the path on the south side of the house, but remembered the open ditch, and not knowing in what condition it was left turned about and walked with perfect safety around the north side of the house to the street. Upon returning home a few minutes later, plaintiff testified that she was in a hurry and had forgotten entirely about the ditch; "It never entered my mind"; "I never thought of it until I fell into it"; "I was in a hurry and I walked right into it. That is the whole upshot of it. If I had thought of it I would never have walked into it."

Under this condition of the evidence appellant contends that respondent as matter of law brought about her injury by her own contributory negligence and is thus barred of a recovery. Respondent's position is that whether or not her temporary forgetfulness which led to and resulted in her injury constituted contributory negligence was a question of

fact for the jury. Undoubtedly, the general rule is as laid down in 29 Cyc. 641, as follows: "Whether an injured person was guilty of contributory negligence in failing to observe the danger is usually for the jury to determine under the particular facts of the case," and in support of this text decisions of this court are cited. It is true also that some courts have declared that under circumstances similar to those here presented the question should be referred to the jury. In other words, they have held that temporary forgetfulness of a known danger, even without some sudden or great disturbing cause, does not constitute negligence as matter of law. Of such cases are *Kelly* v. *Town of Blackstone* 147 Mass. 448, [9 Am. St. Rep. 730, 18 N. E. 217]; *City of Meridian* v. *McBeath,* 80 Miss. 485, [32 So. 52], and *Collins* v. *City of Janesville,* 111 Wis. 348, 87 N. W. 241]. This last case, however, recognizes the conflict of authority which exists upon this proposition, saying: "Some courts have held that if a person knows of a dangerous defect in a sidewalk, he is bound at his peril to remember it." (*Gilman* v. *Inhabitants of Deerfield,* 15 Gray, 577; *Bruker* v. *Town of Covington,* 69 Ind. 35," [35 Am. Rep. 202].) This is the view which has uniformly prevailed in this state. As it is contributory negligence as matter of law to approach a railroad crossing without stopping, or looking, or listening, so it has been held that momentary forgetfulness of a danger, which forgetfulness is not induced by some sudden and adequate disturbing cause, is itself, as matter of law, contributory negligence barring a recovery. The question was first presented under circumstances very similar to those in the case at bar in *Davis* v. *California Street R. R. Co.,* 105 Cal. 131, [38 Pac. 647]. In the Davis case defendant had placed an iron rail to be used in the construction of its street-railway track in front of the house in which plaintiff lived. It had remained there about four weeks. An alarm of fire having been sounded in the night-time, plaintiff came out of her house and started across the sidewalk to discover the whereabouts of the fire. She forgot the presence of the rail, tripped, fell, and was injured. This court said: "We quite agree with counsel for appellant that previous knowledge or familiarity with the dangerous place or obstruction on the highway was not *per se* conclusive evidence of contributory negligence in failing to avoid it. In this case

if plaintiff's house had been falling, rendering great haste in escaping from imminent danger necessary, the haste, excitement, and fear might reasonably be held sufficient to obliterate all memory or thought of the presence of the obstruction on the sidewalk. But that is not this case. No danger could have been apprehended by Mrs. Davis from the fire after she reached the sidewalk, but mere curiosity induced her to start to go down the street to see where the fire was. That she forgot the presence of the rail is not disputed in the evidence, but that the circumstances justified her forgetfulness and consequent want of care, cannot be conceded." Under this state of facts it was held that as matter of law plaintiff had been guilty of contributory negligence. In *McGraw* v. *Friend etc. Lumber Co.,* 120 Cal. 574, [52 Pac. 1004], a pedestrian walking on a dark night along a sidewalk in process of repair, and knowing it to be in a dangerous condition, sought to excuse himself from culpability for the injuries which he received, by showing that at the moment of the injury his attention was distracted by an expiring street light. It was held that the question of contributory negligence under those circumstances was one of law for the court and that as matter of law he was guilty of such negligence. These and other authorities are reviewed in *Brett* v. *Frank & Co.,* 153 Cal. 274, [94 Pac. 1051], and the reasoning and doctrine upheld and applied to the case of an employee who momentarily forgot the existence of a shaft hole into which he fell and was injured. In the opinion in that case full recognition is given to the circumstances where pre-occupation or forgetfulness do not bar a recovery, and it is said but "there was no sudden emergency, no stress of peril, no haste in the performance of the work. The case does not belong to the exceptional class which we have considered."

The effort to distinguish the case at bar from these cases is hopeless. True, plaintiff was aged, but if the effect of age was to impair her faculties in any respect, common prudence and the requirements of law demanded from her the exercise of care sufficient to make good these defects. (*City of Mt. Vernon* v. *Brooks,* 39 Ill. App. 426; 16 Am. & Eng. Ency. of Law, p. 400.) She was subjected to no peril, stress or strain; no haste was imposed upon her; no excuse for her forgetfulness was shown.

The judgment and order are therefore reversed and the cause remanded.

Lorigan, J., and Melvin, J., concurred.