[Civ. No. 13620. First Dist., Div. One. Mar. 15, 1948.]

LA RUE ANDRE, a Minor, etc., et al., Appellants, v. GUS ALLYNN et al., as Trustees, etc., Respondents.

Nathan G. Gray, J. Adrian Palmquist and Palmquist & Hanlan for Appellants.

Hagar, Crosby & Crosby for Respondents.

BRAY, J.—The basic question to be determined here is whether abstraction or momentary forgetfulness of a known danger constitutes contributory negligence *as a matter of law*. ■ As this is an appeal from a judgment of nonsuit, such judgment can be supported only if, "disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff." (*Card* v. *Boms*, 210 Cal. 200, 202 [291 P. 190]; *Docherty* v. *Key System*, 80 Cal.App.2d 888 [184 P.2d 33].) In view of the above rule, only the facts most favorable to plaintiff will be set out. Contradictory evidence, with one exception, will be omitted.

Plaintiff La Rue (Larry) Andre, aged 16 years, in the second year of high school, was injured while going down a ramp at the Richmond Union High School. (For convenience, Larry will hereafter be referred to as plaintiff.) The building consisted of two floors, connected by ramps at both ends. Plaintiff had attended the school for a year and a half before the accident. The accident was caused by the fact that a portion of a nonslip cork carpet or covering had worn off and left the ramp in a slippery condition. The incline of the ramp was about 4 inches to the foot, and a covering over the concrete surface was necessary to prevent slipping. A number of students had slipped at this place. They slipped frequently. The superintendent of buildings and grounds of the Richmond schools admitted that he had known the condition for a year, and that it needed correction, in order to prevent people from slipping. No attempt was made to block off the worn portion of the ramp so that students would not use it.

Plaintiff had just left his locker and was going to choir practice, following the normal usual path. He used the ramp daily. The exposed smooth condition of the cement had existed as long as he had been at the school. Plaintiff wore leather heels and was proceeding at a normal walk, carrying two books in his left hand, and a map in his right. He was not thinking about the exposed surface of the ramp. He had reached a point about two-thirds or three-quarters of the way down the ramp, which was not crowded. His vision was not obstructed in any way. "No, I wasn't thinking of it because my mind—I was trying out to get into choir and I was thinking pretty strong on that because I like it, and when I saw Al, I said 'Hi,' and that is all I can think of that I could have been thinking of. I was only thinking of one thing at a time." He was looking at Al, and said "Hi" to him. As he stepped down with his right foot it hit the cement and started sliding out from under him. He had the map in his right hand (the side toward the railing). He dropped the map and reached for the railing but went down, breaking his left leg above the knee.

Plaintiff had seen other persons slip but not fall at the same place before, knew the ramp was slippery, and had slipped there himself about 10 or 15 times, although he had never fallen. At the time of the accident his left leg was weak due to two breaks it had received, one about six months before. He could not run and did not use the stairs which were available in the building because of his weak leg, which still troubled him. Plaintiff testified that he did not believe he had hold of the railing. His testimony in this respect is contradicted by Al Turetta, a fellow student, who stated: "In fact he was holding onto it when he started to say 'Hi' to me. He let loose and started to do like that (indicating [a wave of the hand]), and started to grab back onto it and missed it." Al was "pretty sure" that was the way it happened.

At the close of plaintiff's case defendants moved for a nonsuit on two grounds, first, that there was no evidence of negligence on the part of defendants, and secondly, that the evidence established as a matter of law that plaintiff was guilty of contributory negligence. The court granted the motion on the second ground only.

Under the rule applying to nonsuits, there can be no question but that there was sufficient evidence to go to the jury on the question of defendants' liability, and that

the evidence justifies the inference that plaintiff, although knowing of the danger of slipping at this place, was holding on to the railing, and in order to greet a fellow student, in a moment of abstraction or forgetfulness, took his hand off the railing, slipped and fell. Whether such momentary forgetfulness or abstraction by a student in a place where he was permitted and even required by the condition of his leg and the set-up of the building to go, and where he would pass and necessarily greet other students, was a proximate cause of the accident and constituted contributory negligence, was for the jury to determine. In *Anthony* v. *Hobbie*, 25 Cal.2d 814 [155 P.2d 826], the rule in this respect is well stated. At page 818 the court says, supporting its statement by the citation of 18 cases, "But cases in which it can be said that the negligence of plaintiff contributes proximately to the accident as a matter of law are rare. The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion."

As said in *White* v. *Davis*, 103 Cal.App. 531, 542 [284 P. 1086] : "The question as to whether a given state of facts constitutes contributory negligence, as a matter of law, or whether it is a matter that should go to the jury, as a question of fact, is often a close one. The solution depends entirely upon the existing circumstances in each particular case. Unusual circumstances may determine in a given case whether or not reasonable minds might legitimately draw different conclusions on the question of negligence."

A somewhat similar case to the one at bar is the case of *Schleif* v. *Grigsby*, 88 Cal.App. 174 [263 P. 255], in which a hearing was unanimously denied by the Supreme Court. A telephone wire had been maintained for a considerable period, hanging approximately 9 feet 9 inches above a road. Plaintiff, while moving some furniture on a truck to a ranch he had just leased, encountered the wire. He observed that it hung too low to permit his load to pass thereunder, so he cut and separated the wire. The wire was replaced. In the two months he remained on the ranch "he had occasion from time

to time to note the presence of the wire and at one time followed the line to the Grigsby home to learn what line it might be.'' (P. 181.) On the day of the accident, he had loaded some furniture and personal effects upon a small truck, which was driven by another person. Plaintiff was standing in the body of the truck upon a small trunk holding the load in place. While thus riding, he came in contact with the above-mentioned wire, which caught him under the chin, threw him off the truck and badly injured him. Based on plaintiff's previous knowledge of the presence of the wire, defendant contended that plaintiff was guilty of contributory negligence as a matter of low. In overruling this contention the court considered the very proposition urged by defendants in this case (p. 182). ''The rule of law contended for is as follows: Momentary forgetfulness of a known danger not induced by a sudden and adequate disturbing cause is contributory negligence, qualifying this by the statement that to forget is not negligence unless it shows a want of ordinary care. The qualification is not absolute but depends upon the facts of the particular case. There is a long line of cases holding that forgetfulness is as a matter of law negligence that will defeat recovery. [Citing cases.] It is upon this theory that appellant bases her claim of contributory negligence chargeable to respondent. However, as is said in *Jacobson* v. *Oakland Meat Co.*, 161 Cal. 430 [Ann. Cas. 1913B, 1194, 119 P. 653], one element in all these cases is the plaintiff's familiarity with the danger he forgot. To arbitrarily adopt as a standard of negligence *per se* the rule that if one may be charged with a knowledge, past or present, of a danger, he is precluded from recovery for injuries sustained therefrom and let the rule rest there for all cases would be to establish a doctrine dangerous in its application and unsound in principle and one not warranted by the present weight of authority. ▇ Courts are unwilling to declare that forgetting a known danger always amounts to negligence (*Jacobson* v. *Oakland Meat Co., supra*). The true rule to be deduced from the cases cited is that the forgetfulness shown must be under circumstances sufficient to enable a court to determine that such lack of memory constituted negligence *per se*. In all of the cases cited there appear circumstances showing either an employment connected in some way with the dangerous instrumentality, or an intimacy therewith long continued, and further that the danger was

of a nature readily apparent and easily discernible *to the extent that injury could result only from a forgetfulness.* In the case of *Davis* v. *California St. R. R. Co., supra* [105 Cal. 135 (38 P. 647)], which is the strongest case supporting the ·contention of appellant, the court says: 'Each case rests upon its own peculiar circumstances. If the facts are doubtful as the result of uncertain evidence or conflicting testimony the question should be submitted to a jury.'

"In *Giraudi* v. *Electric Imp. Co.,* 107 Cal. 126 [48 Am.St. Rep. 114, 28 L.R.A. 596, 40 P. 110], we find this statement: 'To forget is not negligence unless it shows a want of ordinary care, and it is a question for the jury.'

"The case of *Anderson* v. *Southern California Edison Co.,* 77 Cal.App. 328 [246 P. 559], is in line with the foregoing . . ." (Emphasis added.)

While in the Schleif case the shade, leaves and branches of a tree obscured the view of the line, that fact does not affect the rule that to constitute contributory negligence as a matter of law it must appear that the injury could result only from a forgetfulness.

▆▆ In our case, at the very least, the question of whether the accident could have resulted only from plaintiff's momentary forgetfulness and raising his hand to greet a friend is one upon which reasonable minds may differ, and therefore, one which must be left to the jury.

▆▆ Defendants contend that plaintiff, because he had seen others slip at this same place, had slipped there himself, and because of the weakened condition of his leg was more susceptible to injury, should be held to a greater realization of the amount of danger existent. They make such contention to answer the following principle, which they concede is the law: "Knowledge that danger exists is not knowledge of the amount of danger necessary to charge a person with negligence in assuming the risk caused by such danger. The doing of an act with appreciation of the *amount* of danger in addition to mere appreciation of the danger is necessary in order to say as a matter of law that a person is negligent." (*Ridge* v. *Boulder Creek etc. School Dist.,* 60 Cal.App.2d 453, 460 [140 P.2d 990].) But whether a 16-year-old student, who had seen others, as well as himself, slip, but not fall, at this place, even in his weakened condition, would appreciate the *amount* of danger, was a matter for the jury. The knowledge of the building superintendent that the place needed correction did

not impress him with the *amount* of danger. Then, how can it be said that as a matter of law the student appreciated the amount of danger?

In *Smith* v. *Southern Pacific Co.*, 201 Cal. 57 [255 P. 500], it was held to be a question for the jury whether it was want of ordinary care on the part of a plaintiff not to have kept in mind the practice of the trains not to stop in a certain place, a fact he well knew, and the danger to him thereby while attempting to cross a street. In *Gibson* v. *County of Mendocino*, 16 Cal.2d 80 [105 P.2d 105], where the plaintiff stepped into a known danger because her attention was momentarily diverted by the sound of the fire siren, ''due to the fact that she had been 'burned out once' '' and she had turned to count the blasts, it was held that such conduct did not constitute contributory negligence as a matter of law.

Defendants have cited cases in which minors have been held to be guilty of contributory negligence as a matter of law, such as *Bolar* v. *Maxwell Hardware Co.*, 205 Cal. 396 [271 P. 97, 60 A.L.R. 429], where a minor was injured as a result of the explosion of a toy cannon constructed by him in which he used gunpowder purchased from defendant; *Wallace* v. *Great Western Power Co.*, 204 Cal. 15 [266 P. 281], where a minor ''shinnied'' 33 feet up the vertical supports of a high voltage cable tower and was electrocuted; *Whalen* v. *Streshley*, 205 Cal. 78 [269 P. 928, 60 A.L.R. 445], where a minor was injured by being thrown by an unbroken mule, which he was causing to buck; *Mathews* v. *City of Albany*, 36 Cal.App.2d 147 [97 P.2d 266], in which a minor, thoroughly acquainted with the explosive properties of powder, found some unexploded fireworks, opened them up, poured their powder into an empty shell and set it off; *Studer* v. *Southern Pacific Co.*, 121 Cal. 400 [53 P. 942, 66 Am.St.Rep. 39], where while a train was blocking a street crossing, a minor attempted to cross the train between two of the cars, and while in the act of climbing over the coupling was killed by the train starting to back. As stated in *Davis* v. *California St. R. R. Co.*, 105 Cal. 131 [38 P. 647], ''Each [case] rests upon its own peculiar circumstances.'' (P.137.) It is apparent that in none of the above cases was there a situation comparable to that in the case at bar. In each, the minor, knowing of the danger, deliberately did an act which was the proximate cause of his injury. *Nicolosi* v. *Clark*, 169 Cal. 746 [147 P. 971, L.A.R. 1915F 638], included by defendants with the above citations,

is entirely aside from the question, as the negligence of the minor was based upon the fact that he was guilty of trespass, if not of peculation.

It is interesting to note that after the opinion in *Spendlove* v. *Pacific Electric Ry. Co.*, 77 A.C.A. 1036 [177 P.2d 27] (a case upon which defendant relies) was written, a hearing was granted in the Supreme Court. That court (30 Cal.2d 632 [184 P.2d 873]) did not follow the opinion of the District Court of Appeal in holding the minor automobile driver guilty of contributory negligence as a matter of law, but held it to be a matter for the determination of the jury.

This last decision illustrates the fact that in the last few years the tendency of the Supreme Court has been away from the stricter view of preceding years, where frequently contributory negligence was established as a matter of law, to the present situation in which such cases "are rare." (See *Anthony* v. *Hobbie, supra* [25 Cal.2d 814, 818].)

Defendants rely greatly on *Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556 [296 P. 76], and *Funari* v. *Gravem-Inglis Baking Co.*, 40 Cal.App.2d 25 [104 P.2d 44]. In both of those cases, the plaintiffs not only knew of the slippery condition, but were well aware of the danger and assumed the risk of continuing on. There was no question, as here, of momentary forgetfulness. As pointed out in *Neel* v. *Manning's, Inc.*, 19 Cal.2d 647, 655 [122 P.2d 576], " . . . even though the evidence did establish that the alleged defect in the construction of defendant's premises was patent and observable to anyone using the stairway [the rule established in the two above-cited cases], and that in addition plaintiff by reason of her past visits to the restaurant was familiar with the existing condition, there would still be the question for the determination of the jury as to whether or not it was a want of ordinary care on the part of plaintiff not to have kept in mind such element of danger when stepping toward the wall rail to allow other persons descending the stairs to pass."

Whether plaintiff's failure here to be aware of the danger was due to forgetfulness, or abstraction in thinking about his desire to be accepted in the choir, is immaterial as the rule is the same in both instances. "Even forgetfulness of a known danger will not always operate to prevent a recovery, for to forget is not negligence unless it shows a want of ordinary care. (*Roseberry* v. *Edward F. Niehaus & Co.*, 166 Cal. 481 [137 P. 232]; *Rosella* v. *Speros Paxinos*, 110 Cal.App. 299 [294 P. 39].) And it has been repeatedly held that mere ab-

straction on the part of the injured person does not constitute contributory negligence as a matter of law. (*Hodge* v. *Weinstock, Lubin & Co.,* 108 Cal.App. 393 [293 P. 80].) The question of contributory negligence was, therefore, properly submitted to the jury." (*McStay* v. *Citizens Nat. T. & S. Bank,* 5 Cal.App.2d 595, 600 [43 P.2d 560].)

"Even though appellant's testimony was susceptible of the one construction that prior to the accident she did observe the unevenness of said platform, which it is claimed constituted the element of danger, there would still be the question for the determination of the jury as to whether or not it was a want of ordinary care on the part of appellant not to have kept in mind such element of danger while arising from the stool and leaving the platform. (*Hayward* v. *Downer,* 65 Cal.App. 450 [224 P. 265] ; *Meindersee* v. *Meyers,* 188 Cal. 498 [205 P. 1078].) In the former case it was said: 'There is much respectable authority in support of appellant's first point, and such, in fact, was the rule in this state until the Supreme Court, in *Meindersee* v. *Meyers,* 188 Cal. 498, 503 [205 P. 1078], held that, notwithstanding this knowledge and means of knowledge, it was for the jury to determine whether it was a want of ordinary care for the injured not to have the source of danger in mind.' " (*Oles* v. *Kahn Bros.,* 81 Cal.App. 76, 82 [253 P. 158].) (To the same effect, *Neel* v. *Manning's Inc., supra* [19 Cal.2d 647, 656].)

The courts are getting away from the principle established in *Reynolds* v. *Los Angeles Gas & E. Co.,* 162 Cal. 327 [122 P. 962], and in *Davis* v. *California St. Ry. Co., supra* (105 Cal. 131), to the effect that the sudden and disturbing cause which excuses forgetfulness of a known peril, and takes it out of the category of contributory negligence as a matter of law, must be an extreme situation of emergency. In *Kirk* v. *Los Angeles Ry. Corp.,* 26 Cal.2d 833 [161 P.2d 673, 164 A.L.R. 1], the plaintiff, forgetting her position of peril near the car tracks, stooped to grab up her purse which had been knocked from under her elbow by a companion who was calling her attention to the approaching car. In so doing her right hip was struck by the car. "Whether the act of plaintiff in stooping to retrieve her purse was contributory negligence should have been submitted to the jury . . . it was a jury question whether the act of retrieving the purse was such as would be performed by a person of ordinary prudence. It could be reasoned that such act was an instinctive unthinking

effort to preserve property which would be reasonable to expect of a reasonably prudent person having due regard for his safety. It is not a case of momentary forgetfulness which is not induced by some disturbing event, such as existed in *Reynolds* v. *Los Angeles Gas & Electric Co.*, 162 Cal. 327 [122 P. 962]; and *Brett* v. *Frank & Co.*, 153 Cal. 267 [94 P. 1051]. Rather, it was an instinctive reaction or act on sudden impulse which we are unable to say was out of character for a person of ordinary prudence.'' (P. 840.)   (See also *Schleif* v. *Grigsby, supra* [88 Cal.App. 174].)

Defendants contend that because plaintiff testified that he said, or was trying to say, ''Hi'' as he was bringing his right foot down to the slippery spot, his exchange of salutations with Al did not constitute a distraction. This is a rather tenuous argument, as, if plaintiff was actually distracted before he slipped, it would make no difference whether it was before he started to step or was in the act of stepping. In any event, this, as well as the question of whether he consciously stepped into a known danger and neither forgot nor was in a condition of abstraction, was a matter for the jury to consider.

We cannot say as a matter of law that abstraction concerning choir practice, or forgetfulness due to hailing a school chum suddenly, is not an instinctive reaction or act on sudden impulse, or that it was out of character for the ordinary schoolboy of plaintiff's age and experience. ''Plaintiff is bound only to that duty of care which a normal child of the same age would be expected to exercise in such a situation.'' (*Taylor* v. *Oakland Scavenger Co.*, 17 Cal.2d 594, 603 [110 P.2d 1044].)

The judgment appealed from is reversed.

Peters, P. J., and Ward, J., concurred.