[No. 13538. In Bank.—September 27, 1890.]

LOUIS JAFFE, APPELLANT, v. SOLOMON LILIEN-
THAL, ADMINISTRATOR, ETC., OF SOLOMON LOWEN-
BERG, DECEASED, RESPONDENT.

PLEADING — MONEY PAID TO THE USE OF ANOTHER. — A complaint which
alleges a request to expend money and a promise to repay what should
be expended as requested, and a compliance with the request, is sufficient
as against a general demurrer.

ID. — PRESUMPTION AGAINST THE PLEADER. — The presumption against the
pleader does not require him to anticipate matters of defense. Instance.

APPEAL from a judgment of the Superior Court of
Alameda County.

The facts are stated in the opinion.

*D. M. Delmas,* for Appellant.

*Lamberson & Taylor,* for Respondent.

HAYNE, C. — The defendant had final judgment upon
a general demurrer to the complaint, and the plaintiff
appeals. The complaint alleges in substance that the
defendant's intestate, one Solomon Lowenberg, being
engaged to marry the plaintiff's daughter, requested
plaintiff to make suitable preparations for " a betrothal
reception " and " a wedding feast," and to procure suit-
able wearing apparel for his daughter, and to purchase
household goods "for both parties," for use in their
married life, and "then and there promised said plain-
tiff to repay him" whatever money he should expend for
the purposes mentioned; that plaintiff "paid, laid out,
and expended, pursuant to said request of said Solomon
Lowenberg, and at his special instance, and on his ac-
count and behalf, and relying upon his promise of repay-
ment and reimbursement as aforesaid, the sum of two
thousand dollars in suitable preparations of the character
requested; that Lowenberg died before the marriage, and
that the sums expended by plaintiff have not been repaid;

and that the claim of the plaintiff has been rejected by the administrator of the estate. We think that the complaint is good as against a general demurrer.

It is argued for the respondent, in the first place, that it does not appear what was done with the articles purchased, and that the presumption against the pleader requires that such articles be considered to be in the possession of the plaintiff, and that he cannot have both the goods and the money. But the cause of action was complete when the plaintiff expended the money in pursuance of the request of Lowenberg. It was not necessary for the complaint to go on and state what had become of the goods. And if it be assumed in favor of the respondent that the retention of the goods by the plaintiff would be a defense, it is a matter to be set up by the answer. The presumption against the pleader does not require him to anticipate matters of defense.

It is argued, in the next place, that it does not appear whether the expenditures were before or after the death of Lowenberg. But the complaint alleges that the expenditures were " pursuant to said request of said Solomon Lowenberg, and at his special instance and on his account and behalf," which would not be legally true if they were made after his death.

The other criticisms upon the complaint do not require special notice. We therefore advise that the judgment be reversed, with directions to overrule the demurrer, with leave to the defendant to answer.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, with directions to overrule the demurrer, with leave to the defendant to answer.