[S. F. No. 341.    Department Two.—December 19, 1896.]

ERNST BUCHEL, RESPONDENT, v. GRAY BROTHERS ET AL., APPELLANTS.

115  421
f134 329

NEGLIGENCE—QUESTION FOR JURY.—In an action for negligence, the question of negligence is peculiarly for the jury; and even when the evidence is not conflicting, the verdict will not be disturbed if different conclusions can reasonably be drawn therefrom.

ID.—BLASTING ROCK—SLIDE UPON PLAINTIFF'S HOUSE — OVERHANGING CLIFF—CONTRIBUTORY NEGLIGENCE.—Where the evidence is conflicting as to whether the slide of rock upon plaintiff's house from a high cliff was caused by the blasting of rock by the defendants upon their adjoining lot, but there is evidence sufficient to justify the jury in finding that it was so caused, and the answer admits that all of the defendants did the blasting, a verdict for the plaintiff will not be disturbed on the ground of contributory negligence, by reason of the fact that the removal of the rock at the base of the cliff, before plaintiff and defendants had acquired their respective lots, had destroyed its support, and caused it to overhang, and had created a rift some distance from its top, where the evidence is not clear how much of the top of the ledge came down through the blasting by defendants, or whether the removal of the rock at the base contributed to the slide, and it does not appear that plaintiff or his grantor were responsible for the excavation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.    A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*Fisher Ames*, for Appellants.

Notwithstanding the negligence of a defendant, if, but for some negligent act of the plaintiff, the injury would not have occurred, plaintiff cannot recover. (Deering on Negligence, sec. 8; *Taylor* v. *Baldwin*, 78

Cal. 517; *Insurance Co.* v. *Boon*, 95 U. S. 130; *Weeks* v. *Southern Pac. R. R. Co.*, 52 Cal. 602; 56 Cal. 513; 38 Am. Rep. 67; *Strong* v. *Sacramento etc. R. R. Co.*, 61 Cal. 326; *Esrey* v. *Southern Pac. Co.*, 88 Cal. 406; *Holmes* v. *South Pac. C. Ry. Co.*, 97 Cal. 169; *Davis* v. *Button*, 78 Cal. 247.)

*F. J. Castelhun*, and *J. C. Bates*, for Respondent.

Whether the alleged crevice was made by the act of nature, or the act of defendants, was for the jury to consider under the instructions of the court. (*Colton* v. *Onderdonk*, 69 Cal. 159; 58 Am. Rep. 556.)

TEMPLE, J.—This action is for damages alleged to have been caused by negligent blasting of rock near plaintiff's house, by which a rock slide was caused, which destroyed plaintiff's house, and covered his lot with debris. A jury gave a verdict in favor of plaintiff for three thousand dollars, and defendant now appeals from the judgment and from an order refusing a new trial.

On the appeal but two points are made: 1. Plaintiff was guilty of negligence which contributed proximately to the injury; and 2. There was no evidence whatever to connect the corporate defendant with the alleged tort.

As has often been observed, the question of negligence is peculiarly for the jury. Even when the evidence is not conflicting, the verdict will not be disturbed if different conclusions can reasonably be drawn therefrom.

Plaintiff's lot was on Vallejo street, one hundred and thirty-six feet west from Sansome. North of his lot was a steep ridge of hard trap rock, some two hundred feet high. Plaintiff's lot had been graded back to its full depth, and, as it was claimed, some seven feet beyond his line. This grading had been done before plaintiff owned the lot, and before defendants owned the adjoining property upon which the ledge was situ-

ated.    The rock beyond plaintiff's line had been re-
moved by blasting, but there was no proof whatever as
to who did it.    Probably it was done by some one who
formerly owned plaintiff's lot; but this was not shown,
and it may have been done by some one who had use
for the material, but did not claim the lot, and did not
convey to plaintiff.    At all events, such was the condi-
tion of things when plaintiff bought, and also when
defendants acquired their interest in the ledge.    The
defendants were blasting upon this ledge some one hun-
dred and fifty feet away.    The last blast, some two days
before the rock slide, was a very heavy blast, and shook
down large masses of rock at the time, and, as the jury
found, caused the slide.

Defendants contend that the removal of the rock at
the base of the cliff destroyed the support and caused
the "overhang" of the cliff, and thus contributed di-
rectly and proximately to the accident.    According to
some of the witnesses there had for a long time been a
crevice or seam at the top of the ledge, and some twenty-
five feet from the edge.    This seam was found to be
wider just after the heavy blast, and, of course, just be-
fore the fall.    The idea is that this rift was caused by
the removal of the support by excavating back of plain-
tiff's lot; that the accident could not have occurred
but for this, and it is assumed that this was done by
plaintiff's grantor.

The evidence is, however, not clear, that in the slide
anything but the top of the ledge above the bulging
wall came down.    Whether the removal of the rock at
the base back of plaintiff's lot contributed to the slide is
not clear from the evidence.    And it does not appear
that plaintiff or his grantor were responsible for the
excavation

I do not wish to be understood as conceding that if
it had so appeared it could have been attributed to
plaintiff as contributory negligence.    The support was
not removed by plaintiff, nor since the defendants be-
came owners in the property.

The judgment cannot be disturbed on the ground of contributory negligence. There was an abundance of evidence to justify the jury in the conclusion that the slide was caused by the blasting. On this point the evidence is conflicting.

As to the point that there is no evidence that the corporate defendant had any connection with the blasting, it is enough to say that in the answer all the defendants admit the blasting.

The complaint charges: "That the said defendants have for one year last past been, and still are, engaged in cutting down said hill, and removing rock therefrom by blasting and excavating; that said defendants prosecuted said work by cutting down said hill in the rear of plaintiff's said premises so carelessly and negligently that the blasts caused the walls and ceilings of the rooms of the house on the front of the said lot to crack, and plastering to become loose, whereby said house was damaged in the sum of two thousand dollars; that by reason of said defendant's carelessness and negligence in cutting down said hill as aforesaid, a large mass of rock became loose, and on the sixteenth day of January, 1894, fell upon plaintiff's rear house, and completely demolished the same, and all the appurtenances thereto belonging."

The only denial of these allegations contained in the answer is as follows:

"Deny that defendants have been for one year last past, or for any other time, or that they still are, engaged in cutting down said or any hill, or in removing rock therefrom by blasting, or excavation, or otherwise, except from the private quarry of said defendants, George F. Gray and Harry N. Gray.

"Deny that said defendants, or any of them, prosecuted said or any work of cutting down said or any hill in the rear of plaintiff's premises or otherwise, carelessly or negligently, or that the or any blasts caused the walls or ceilings of the rooms of the house on the front of said lot or elsewhere to crack, or the plastering to be-

come loose, whereby said house or any house was damaged in the sum of two thousand dollars, or any other sum, and allege that the work of taking rock from their said quarry has at all times been conducted in a safe and lawful manner.

"Deny that by reason of the carelessness of said defendants, or any of them, in cutting down said or any hill a large or any mass of rock became loose, on the sixteenth day of January, 1894, or at any other time, or fell upon plaintiff's rear or any house, or completely or otherwise demolished the same, or at all, or any of the appurtenances thereto belonging; on the contrary, these defendants allege that the damages, claimed by plaintiff to have been sustained by him, as set forth in his complaint, if any damages have been suffered by him, were caused and occasioned by his own negligence, which was the direct and immediate cause of said damages."

It was shown by the testimony of both George F. and Harry N. Gray that the ledge upon which blasting was done and part of which was precipitated upon the lot of plaintiff was the private quarry of George F. Gray and Harry N. Gray.

The judgment and order are affirmed.

HENSHAW, J., and MCFARLAND, J., concurred.

Hearing in Bank denied.