[S. F. No. 5484.    Department Two.—December 1, 1911.]

## JACOB JACOBSON, Appellant, v. OAKLAND MEAT AND PACKING COMPANY (a Corporation), Respondent.

ACTION FOR PERSONAL INJURIES—REMOVAL OF GUARD FROM COG-WHEELS —BROKEN PROMISE OF PROMPT REPAIR—FAILURE TO WARN—CAUSE OF ACTION.—A complaint in an action for injuries to the person of a night employee of the defendant, resulting from the removal of an iron guard from cog-wheels over which he must reach in the course of his employment to operate machinery for an electric motor, which shows that he had operated it successfully for more than a year; that the guard was removed for repair, with a promise of the chief engineer, under whom he worked, to have it in place for his next employment, but that it was neither replaced nor was he warned that it was not in place or of danger in his employment, and that in the dim light he did not observe its absence, and in forgetfulness of its removal did his work as usual, to his serious injury, states a cause of action.

ID.—EFFECT OF SUSTAINING DEMURRER TO COMPLAINT—IMPROPER FIND-ING OF LAW AS TO CONTRIBUTORY NEGLIGENCE.—The effect of the sustaining of a general demurrer to the complaint is an improper finding of law that the plaintiff was guilty of contributory negligence, barring his recovery. The existence or absence of contributory negligence is in general a matter primarily for the jury. Although plaintiff knew that the guard over the cog-wheels had been removed for repairs, he knew that the repairs would require only a short time, and properly relied upon the chief engineer to keep his promise that the guard should be replaced on the day of its removal.

ID.—BEARING OF FORGETFULNESS ON CONTRIBUTORY NEGLIGENCE. — Though forgetfulness of a known and appreciated danger may preclude a recovery for injuries sustained, yet the general rule in that regard must have a reasonable construction. To forget is not negligence unless it shows a want of ordinary care, which is a question for the jury. To charge plaintiff with such conduct as would bar

recovery on the ground of forgetfulness, it must appear not only that he knew the unsafe condition of the machine in the absence of a guard, but also that he consented to work in the place of danger after full comprehension and appreciation of the risk incurred.

ID.—DUTY OF CHIEF ENGINEER—PRINCIPAL RESPONSIBLE FOR NEGLIGENCE.—It was the duty of the chief engineer, as representing the plaintiff's principal, either to restore the protection of the guard over the dangerous cogs or to warn plaintiff of the peril involved in working near them. By failing to perform either of these duties or to undeceive plaintiff with reference to the prompt restoration of the guard and by permitting him to work in a dim light and in a dangerous place without warning him of the risk incurred, he was guilty of negligence, for which the principal was responsible.

ID.—OBLIGATION OF OWNER OF MACHINERY TO PROTECT EMPLOYEES OPERATING IT.—It is the duty of one owning machinery to exercise reasonable care for the protection of the employees who operate it. Where, in this case, there was a simple device for the complete protection of respondent's servants, the absence of which involved very great risk to them, it was the duty of respondent as owner of the machinery to adopt the same and to keep it in place.

ID.—PLEADING—COMPLAINT NOT REQUIRED TO ANTICIPATE DEFENSE OF CONTRIBUTORY NEGLIGENCE.—It was not the plaintiff's duty to anticipate the defense of contributory negligence in his complaint or to allege the non-existence of circumstances which might preclude recovery under section 1970 of the Civil Code.

ID.—AVERMENT AS TO INDUCEMENT TO EXPECT REPLACEMENT OF GUARD —ULTIMATE FACT—EVIDENTIARY MATTER NOT REQUIRED—SPECIAL DEMURRER.—It is held that an averment that plaintiff was led by the chief engineer "to believe that said guard would be replaced immediately" was of an ultimate fact, sufficient to apprise defendant of the issue he was called upon to meet. No pleading of evidentiary matter was required, and there was no merit in a special demurrer for uncertainty as to that averment.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Fitzgerald & Abbott, and Charles A. Beardsley, for Appellant.

L. A. Redman, and Jewel Alexander, for Respondent.

MELVIN, J.—In this case, in which plaintiff sought damages for personal injuries, the court sustained the demurrer

to the amended complaint and plaintiff not desiring further to amend, judgment of dismissal was entered accordingly. From said judgment this appeal is taken, and the only question presented to this court relates to the correctness or error of the trial court in the ruling on the demurrer.

The complaint, after alleging the corporate capacity of the defendant, asserts that on October 6, 1908, and for about one year prior thereto, plaintiff was and had been continuously employed by defendant as a night watchman; that one Howard Monson was defendant's chief engineer, having the right at all times to control and direct the services of plaintiff; that one of plaintiff's duties as night watchman was to operate a certain pump which was moved by a powerful electric motor; that plaintiff had performed this duty for about a year prior to October 6, 1908; that in operating the pump it was necessary for plaintiff to open a certain oil cup after he had turned on the power; "that in order to open said oil cup it was necessary for plaintiff to lean and reach over and across two cog wheels, one large and one small, which cog wheels, when said power was on, revolved each in and upon the other; that at the time plaintiff began to operate said pump as aforesaid, and up to and including the 2d day of October, 1908, or thereabouts, said cog wheels were completely covered and protected by an iron guard; that, when said cog wheels were so protected and guarded, there was no danger attendant upon leaning or reaching over or across said cog wheels, when the same were in motion, in order to open said oil cup, or at all; that on or about the said 2d day of October, 1908, said Howard Monson, acting in the course of his said employment, removed said iron guard from said cog wheels for the purpose of having said guard repaired, and that said Howard Monson did not, nor did any other person, replace said guard, or put any other guard over said cog wheels, or in any wise protect or guard said cog wheels until after the injury to plaintiff; . . . that said cog wheels when they were not guarded were dangerous to plaintiff's life and limb, and that said Howard Monson knew and was aware of said danger; that plaintiff was informed that said guard was removed at or about the time of said removal, and was informed that said guard was removed for the purpose of having the same repaired, and was led by said Howard Monson to believe that said guard would be re-

paired immediately and replaced on the same day it was removed, and before it should be necessary for plaintiff to again operate said pump; and plaintiff did not know until after the injury to plaintiff herein described that said guard was not replaced as plaintiff had been led by said Howard Monson to believe that it would be; that a reasonable time for repairing said guard and for replacing the same was one hour, and that plaintiff knew at the time said guard was removed that one hour was a reasonable time for said repair and replacing; and because of said knowledge, and because he was led to believe that said guard would be replaced before he should be required to again operate said pump plaintiff did not tax his mind with the fact of said removal, and wholly forgot before the injury . . . that said guard had been removed; that plaintiff was not informed by said Howard Monson or at all, that said guard was not replaced within one hour, or at any other time until after the injury to plaintiff . . . that the light in said pumping house was dim, and that the fact that said guard was not replaced was not apparent to plaintiff because of the said dimness of the light in said pumping house; that said Howard Monson, acting in the course of his said employment, knew that said guard was not replaced, and knew that plaintiff relied upon him to replace said guard, and knew that the absence of said guard would not be apparent to plaintiff, and knew of the danger to which plaintiff was exposed, but that said Howard Monson wholly failed and neglected to replace said or any guard over said cog wheels, and wholly failed and neglected to warn plaintiff of his danger, and plaintiff was not warned of any danger by said Howard Monson or at all." Then follow averments that on the night of October 6, 1908, plaintiff entered the pumping house and turned on the power as usual; "that he was not aware of the fact that said guard had not been replaced, and the absence of said guard was not apparent to him; that after turning on said power he leaned and reached over and across said cog wheels as he had been accustomed to do for about one year for the purpose of opening said oil cup; that as he leaned and reached over and across said cog wheels, his sleeve was caught by said cog wheels and his right arm was drawn in and between said cog wheels and broken in many places; . . . that said injury to plaintiff was caused by and resulted from the fact that said

cog wheels were not guarded, and by the fact that plaintiff was not warned of the absence of said guard and was caused by and resulted from the negligence and carelessness of the said Howard Monson, acting in the course of his said employment." The complaint closes with allegations of the permanent and complete character of plaintiff's injuries and a prayer for damages in the sum of fifty thousand dollars.

The court's ruling in sustaining the demurrer is, in effect, a finding that as matter of law the complaint alleges contributory negligence on plaintiff's part. While a court must sustain a demurrer to a complaint when the facts stated show that in any view of the law the plaintiff is guilty of contributory negligence appellant contends that he stated in his pleading a case sufficient, if all of his allegations were proven, to go to a jury. That the existence or absence of contributory negligence is in general a matter primarily for the jury there can be no doubt. The rule with reference to the respective functions of the court and jury in cases involving a determination whether contributory negligence appears from a given state of facts or not is thus stated in *Wahlgren* v. *Market St. Ry. Co.*, 132 Cal. 663, [62 Pac. 310, 64 Pac. 993] : "If but one conclusion can reasonably be reached from the evidence, it is a question of law for the court; but if one sensible and impartial man might decide that the plaintiff had exercised ordinary care, and another equally sensible and impartial man that he had not exercised such care, it must be left to the jury. (*McKune* v. *Santa Clara Co.*, 110 Cal. 480, [42 Pac. 980].) That the guard over the cog wheels had been removed was a fact of which plaintiff was aware, but he knew that the repairs would require only a short time, and relied upon Monson to keep his word to the effect that the guard should be replaced on the very day of its removal. Respondent's counsel insist that this is a case of mere forgetfulness on the part of appellant. His only excuse for failure to observe the absence of the guard, they say, was that he had forgotten the circumstance of its removal. Forgetfulness, they insist, is as matter of law negligence which will defeat recovery. It is true that one employed in the vicinity of a known danger cannot ordinarily recover from his employer for injuries sustained by reason of a momentary forgetfulness of the danger, but it does not follow by any means, that under all circumstances does failure

.to remember a source of peril constitute negligence. Appellant's counsel admit the force of the general rule announced in such cases as *Towne* v. *United Electric Co.*, 146 Cal. 770, [70 L. R. A. 214, 81 Pac. 124] ; *Brett* v. *Frank & Co.*, 153 Cal. 271, [94 Pac. 1051] ; *Davis* v. *California St. Cable R. R. Co.*, 105 Cal. 135, [38 Pac. 647] ; *McGraw* v. *Friend & Terry Lumber Co.*, 120 Cal. 575, [52 Pac. 1004] ; *Ergo* v. *Merced Falls G. & E. Co.*, *ante*, p. 334, [119 Pac. 101], but they contend that the circumstances of every one of those cases are vastly different from the facts pleaded and for the purposes of demurrer admitted in the case at bar. Undoubtedly there was one element in all of those cases which is missing in this one, and that is the plaintiff's familiarity with the danger which he forgot. Plaintiff in this case had relied on his understanding with Monson that the guard would be replaced, and lulled by his confidence in the performance of a clear duty by his superior had forgotten its removal. The rule with reference to forgetfulness of a known danger has been declared by this court in *Giraudi* v. *Electric Imp. Co.*, 107 Cal. 125, [48 Am. St. Rep. 114, 28 L. R. A. 596, 40 Pac. 110], as follows: "It is said that, if one was aware of a fact which should have put him upon his guard, he cannot rebut the presumption of contributory negligence by showing that he momentarily forgot it. This is true as a general proposition, but like all other rules upon this subject, it must have a reasonable construction. To forget is not negligence, unless it shows the want of ordinary care, and it is a question for the jury. Illustrations of this proposition are found in the cases of brakemen who are injured by obstructions over or near the track of the road. They have been allowed to recover, although it is shown that they knew of the obstruction, on the ground that they cannot be expected to retain at all times, a complete outline of the track, and because, in the hurry of their work, they would not be likely to keep these things in mind. That is, to forget, under the circumstances, did not prove absence of ordinary care. (See *Dorsey* v. *Phillips etc. Co.*, 42 Wis. 583.)" In other jurisdictions mere forgetfulness of even a well known danger or object which may cause injury is held not necessarily to be negligence. In *Dwyer* v. *Salt Lake City*, 19 Utah, 525, [57 Pac. 536], this question is discussed and some of the leading authorities are cited. In that case the proof showed that on a

dark night in passing from his house to his buggy on the
street plaintiff was injured by falling over an embankment,
the existence of which was well known to him but had been
forgotten.   The court said: "Although the respondent had
previous knowledge of the condition of the sidewalk and em-
bankment, and undertook to cross the embankment on a dark
night, and momentarily forgot about it, yet such knowledge,
undertaking, and forgetfulness were not conclusive evidence
of such contributory negligence as would bar a recovery.   He
was not bound to absolutely refrain from using the sidewalk
and street in front of his premises, merely because of his
knowledge of its dangerous condition.   Such knowledge, and
the manner and time of using the sidewalk, had a very import-
ant bearing in determining whether or not the respondent was
in the exercise of proper care when the accident occurred, but
did not, as matter of law, establish contributory negligence.
He was bound to exercise such care as a man of ordinary pru-
dence and caution would, under similar circumstances, have
exercised, and, there being evidence tending to show that the
injured, just before falling over the embankment, had pro-
ceeded cautiously, whether or not he exercised due care, was,
under all the circumstances, a question of fact to be submitted
to the jury, under proper instructions, and not one of law for
the court."   While the rule announced in the opinion last
quoted is perhaps somewhat more liberal than the one followed
in California (*McGraw* v. *Friend & Terry etc. Co.,* 120 Cal.
575, [52 Pac. 1004]; *Davis* v. *California St. etc. R. R. Co.,* 105
Cal. 135, [38 Pac. 647]), the quotation illustrates the unwil-
lingness of courts to declare that forgetting a known dan-
ger always amounts to negligence.   The complaint before
us, measured by Californian precedents, states a cause of
action.

It is insisted that the complaint contains no statement of
Monson's duty to replace the guard over the cog wheels.
There is a pleading to the effect that Monson directed and
controlled plaintiff's services, and averments, also, that he led
plaintiff to believe the guard would be promptly replaced; that
Monson knew of the danger from the unprotected wheels; and
that Monson failed to tell plaintiff that the guard was not re-
placed according to promise, within an hour of its removal.
While these statements do not amount to a declaration of Mon-

son's obligation to replace the guard, they are equivalent to a pleading that he was deficient in his duty to plaintiff. Representing, as he did, plaintiff's principal, it was his duty either to restore the protecting agency over the dangerous cogs or to warn plaintiff of the peril involved in working near them. By failing to perform one of these duties he was guilty of negligence. Whether plaintiff knew the danger from the uncovered machinery or not (and the peril of such cogs is not necessarily obvious for it depends largely upon the direction in which the wheels revolve) Monson's failure to undeceive plaintiff with reference to the prompt restoration of the guard amounted, under the circumstances of this case, as pleaded, to a breach of duty in permitting Jacobson to work in a dim and dangerous place without warning of the risk incurred. And this becomes more emphatically apparent when we consider that, to charge plaintiff with such conduct as would bar recovery, it must appear that he knew not only the unsafe condition of the machine without the guard, but consented to work in the place of danger after full comprehension and appreciation of the risks which he thereby incurred. (Civ. Code, sec. 1970; *Silveira* v. *Iverson,* 128 Cal. 192, [60 Pac. 687]; *Morgan* v. *Robinson Co.,* 157 Cal. 354, [107 Pac. 695].) It was not the pleader's duty to allege in the complaint the nonexistence of the circumstances which would prevent recovery under the code section cited above. A plaintiff is not required to anticipate a defense. (*Woodroof* v. *Howes,* 88 Cal. 194, [26 Pac. 111]; *Jaffe* v. *Lilienthal,* 86 Cal. 92, [24 Pac. 835].)

Respondent argues that neither by contract nor by law was the corporation under any obligation to keep the cog wheels covered. On the contrary it is the duty of one owning machinery to exercise reasonable care for the protection of employees who operate it. This complaint charges that there was no danger to the person oiling the machinery when the iron guard was in place, but that the risk incurred by him was very great when the wheels were exposed. Evidently there was a simple device for the complete protection of respondent's servants, and this it was the corporation's duty to adopt and keep in place. (*Larsen* v. *Bloemer,* 156 Cal. 755, [106 Pac. 62]; *Quinn* v. *Electric L. Co.,* 155 Cal. 503, [101 Pac. 794]; *Skelton* v. *Pacific Lum. Co.,* 140 Cal. 511, [74 Pac. 13].)

We find no merit in respondent's special demurrer for un-

certainty to that part of the complaint in which it is averred that appellant was "led by said Howard Monson to believe that said guard would be replaced immediately." This was an allegation of an ultimate fact quite sufficient to apprise defendant of the issue which it was called upon to meet. Greater particularity, which would probably involve the pleading of evidentiary matter is not required. (2 Labatt on Master & Servant, sec. 863.)

The complaint stated a case sufficient, if proven, to go to a jury, and in that pleading negligence on plaintiff's part sufficient to defeat recovery does not appear as matter of law from the facts alleged.

The judgment is reversed with instructions to the court below to overrule the demurrer to the complaint.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.