[S. F. No. 8537.   In Bank.—October 4, 1918.]

NELLIE MILLER NICKEL et al., Appellants, **v**. STATE, Respondent; GEORGE W. NICKEL et al., Defendants.

INHERITANCE TAX—QUIETING TITLE—CLAIM OF STATE—PLEADING—ANSWER.—In a suit brought against the state, as authorized by section 18b, Statutes of 1913, page 1080, to quiet title as against the claims of the state to a lien for an inheritance tax upon certain shares of stock transferred to plaintiffs by a trust agreement, the allegation of title on the part of plaintiffs and that the defendant's claim to the property is without right is ordinarily sufficient to require an answer on the part of the defendant setting up its title in and to the property.

ID.—DETERMINATION OF TAX—LAW CONTROLLING.—The law in force at the time of the transfer controls in determining whether or not there is a tax upon the transfer and the amount thereof.

ID.—LACK OF CONSIDERATION FOR TRANSFER — ESSENTIAL ALLEGATION. In an action against the state to quiet title as against the claims of the state under the inheritance tax law of 1911 to a lien for an inheritance tax upon certain shares of corporation stock transferred to the plaintiffs by a trust agreement, it is essential that the state should allege and prove that the consideration for the transfer was not valuable and adequate.

ID.—EXISTENCE OF CONSIDERATION — SUFFICIENCY OF COMPLAINT.—In such action the complaint is not defeated by reason of failure to affirmatively allege the existence of a valuable and adequate consideration for the transfer, and an allegation that the claim of the state is without right is in effect an allegation that there was a valuable and adequate consideration therefor.

ID.—GIFT IN CONTEMPLATION OF DEATH—QUESTION OF FACT.—The question of whether or not a gift is made in contemplation of death, and for that reason liable to tax, is one of fact to be determined by the trial court from the nature and character of the instrument of conveyance and from all the circumstances surrounding its execution.

ID.—TENDER OF TAX.—In such action it is not necessary for the plaintiff to allege a tender of the tax.

ID.—JURISDICTION.—Jurisdiction of such an action is in the superior court of the county in which the estate is being administered, and the fact that the proceedings in the estate are pending in one of the departments of the court in probate does not deprive the other departments of jurisdiction.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge. Reversed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Charles M. Fickert, District Attorney of the City and County of San Francisco, Robert A. Waring, Inheritance Tax Attorney, William A. Sullivan, Assistant Inheritance Tax Attorney, and Hartley F. Peart, for Respondent.

Edward F. Treadwell, and Delger Trowbridge, for Appellants.

WILBUR, J.—This is an appeal brought by the plaintiffs from judgment against them on demurrer. As authorized by section 18b, Statutes of 1913, page 1080, they brought suit against the state to quiet title as against the claims of the state to a lien for an inheritance tax upon certain shares of stock transferred to them by a trust agreement dated April 17, 1913, and recorded October 20, 1916. The complaint alleges that the plaintiffs were grantees or beneficiaries of a transfer made by Henry Miller to them of 119,839.75 shares of stock in the Miller and Lux Company, a corporation. That on the fourteenth day of October, 1916, Miller died, leaving estate in the city and county of San Francisco. That he was a resident thereof at the time of his death, and that his estate had been probated in the superior court thereof. It is alleged that the plaintiffs were the owners and holders of said stock; that the state was asserting a right to an inheritance tax thereon under and by virtue of the laws of 1911, 1913 and 1915; that each and every of these claims was without merit, and that the state had no interest in and to the stock in question and no lien thereon, and prayed that plaintiffs' title thereto be quieted. Plaintiffs attached as an exhibit to the complaint the conveyance under which they claim title. The state demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and that the court had no jurisdiction of the case.

The allegation of title on the part of plaintiffs and that the defendant's claim to the property was without right would ordinarily be sufficient to require an answer on the part of the defendant setting up its title in and to the property in question. The state claims, however, that upon the facts alleged in the complaint and the terms of the conveyance under which plaintiffs claim, the complaint affirmatively shows that the state is entitled to an inheritance tax upon the property in question.

The law in force at the time of the transfer as alleged was the inheritance tax law of 1911, and that statute controls in determining whether or not there is a tax upon the transfer and the amount thereof. (*Hunt* v. *Wicht*, 174 Cal. 205, [L. R. A. 1917C, 961, 162 Pac. 639]; *Estate of Felton*, 176 Cal. 663, [169 Pac. 392]; *Estate of Gurnsey*, 177 Cal. 211, [170 Pac. 402].) The inheritance tax law of 1911 provides that in order that a transfer should be taxable it must not only be made in "contemplation of death," but also without "valuable and adequate consideration." (Stats. 1911, p. 713, sec. 1, subd. 3.) In order to establish the liability for a tax it is essential that the state should allege and prove that the consideration for such a transfer was not "valuable and adequate." (*McDougald* v. *Boyd*, 172 Cal. 753, [159 Pac. 168].) The conveyance in question contains a recital that the transfer is made "in consideration of ten dollars and other good and valuable considerations." Respondent claims that in default of an allegation to the contrary, it must be presumed that "the consideration was not valuable and adequate." But the allegation that the claim of the state is "without right" is in effect an allegation that there was a "valuable and adequate consideration" for the transfer. The consideration recited in the conveyance includes "other good and valuable considerations" not specifically mentioned, and does not negative the claim that the conveyance was for a valuable and adequate consideration. The pleader is not required to negative a defense. (*Jaffe* v. *Lilienthal*, 86 Cal. 91, [24 Pac. 835]; *Jacobson* v. *Oakland etc. Co.*, 161 Cal. 432, [Ann. Cas. 1913B, 1194, 119 Pac. 653]; *Woodroof* v. *Howes*, 88 Cal. 184, 194, [26 Pac. 111].) Hence, the complaint is not defeated by reason of failure to affirmatively allege the existence of "valuable and adequate consideration."

Upon the question of whether or not the complaint by inference and presumption affirmatively shows that the transfer was made "in contemplation of death," it is sufficient to say that it is conceded by both parties that ordinarily the question of whether or not a gift is made "in contemplation of death," and for that reason liable to tax, is one of fact to be determined by the trial court from the nature and character of the instrument of conveyance and from all the circumstances surrounding its execution, and even if we should hold from the face of the instrument in question that it conclusively

appears that the transfer was made "in contemplation of death," if it was made for a "valuable and adequate consideration," the transfer would not be taxable under the law of 1911.    (*McDougald* v. *Boyd, supra.*)

Defendant claims that the demurrer should have been sustained for the reason that the plaintiff has failed to pay or tender any tax, citing *Trippet* v. *State,* 149 Cal. 530, [8 L. R. A. (N. S.) 1210, 86 Pac. 1084]. That was an action to quiet title against a valid tax, on the ground that the repeal of the law providing for its collection, in effect, defeated the accrued and still existing right of the state to the tax. It was properly held there that under the circumstances the plaintiff could not invoke the assistance of a court of equity to remove the lien for the tax, without paying or offering to pay the same. In the instant case the plaintiff's claim is that the state has no right to a tax and no lien therefor. It is not necessary in such a case to tender anything. The complaint, therefore, states a cause of action.

Jurisdiction. The statute under which the action is brought (section 15) determines what superior court shall have jurisdiction thereof. The respondent contends that inasmuch as the proceedings in the estate are pending in one of the departments of that court in probate, this fact, under the law, deprives the other departments of that superior court of jurisdiction. The statute expressly places the jurisdiction in the superior court of the county in which the estate is being administered, namely, the superior court in and for the city and county of San Francisco, in the instant case. This action is separate and distinct from the probate proceeding and is in the same court, there being no probate court, and no distinction in law between the several departments of the superior court. The action was, therefore, brought in the proper court. If it shall be determined in this action that the estate is subject to an inheritance tax it is not necessary to fix the amount of the tax in the judgment, but it may be fixed in the manner and form provided by law in the probate proceedings. The purpose of this action is not to have the tax fixed, but to have it adjudged that no lien therefor exists upon the property. If the state, as alleged, claims that the property is liable for an inheritance tax, the necessary facts to establish that claim should be alleged in the answer.

Judgment reversed, with instructions to the trial court to overrule the demurrer and allow the defendant to answer the complaint.

Sloss, J., Richards, J., *pro tem.*, Melvin, J., Shaw, J., Lorigan, J., and Angellotti, C. J., concurred.